# Mahon *versus* Gormley.

1. Under the Act of 1848, a married woman is not vested with the unlimited powers of a *feme sole*.

2. As the capacity of a married woman to contract debts so as to render her estate liable therefor, is but an exception from the general rule; therefore, in order to render her estate liable in an action against her husband and herself on a promissory note given by her alone during the coverture, the plaintiff in his declaration must bring his case within some one of the exceptions declared in the Act of 11th April, 1848; and where this was not done, a plea of coverture and an affidavit of defence by her alleging the coverture, without negativing all the special circumstances which under the said Act would render her liable, is sufficient to prevent judgment against her.

3. The proviso in the said Act that her property is not to be protected "from liability for debts contracted by herself" may be limited to *torts*, to debts contracted before marriage, to liabilities necessarily incurred in the management of her estate, and for necessaries for the support and maintenance of her family.

ERROR to the District Court of *Allegheny county*.

This was an action of *assumpsit* by James Gormley and Ann his wife *v.* Richard Mahon and Julia his wife, on a promissory note, as follows:—

Pittsburgh, Nov. 13, 1853.

Six months after date I promise to pay to Ann McCann or order, one hundred dollars, for value received, without defalcation, with interest from date at eight *per cent.*

JULIA MAHON.

Richard Mahon plead "*non assumpsit*," and Julia Mahon plead "*coverture*." An affidavit of claim was made, in which James Gormley stated, "that he is the husband of Ann Gormley, formerly Ann McCann; that the copy of the note filed was a true copy of the one in suit; and that no part of the principal or interest has been paid." .   :

An affidavit of defence was made by Julia Mahon, in which it was stated that defendants have a valid and legal defence to the plaintiff's entire claim in this case, as she is advised and believes; that at the time said debt was contracted, and notice given, she was a married woman, and still was so; and "that said debt was not contracted for necessaries for the support of herself or family, but for other purposes."

(Signed)     JULIA MAHON.

Afterwards, viz., October 7, 1853, a *narr.* was filed; and on

[Mahon v. Gormley.]

17th October an amended *narr.* was filed; but neither was set out in the paper-book.

WILLIAMS, J., in his opinion, observed that the affidavit of defence was insufficient, because it set out no valid defence to the claim, nor any fact from which such an inference could fairly be drawn; and he directed judgment against Julia Mahon to be levied of her "separate goods and chattels, lands and tenements."

Such judgment was assigned for error. It was also assigned for error, that judgment was given for the whole amount of the claim, when part of it was usurious.

In the paper-book, on part of plaintiffs in error, it was stated that the plaintiffs in the action had not alleged in the affidavit of claim or in the pleadings that the debt was contracted for necessaries, or in the management of the separate estate of Mrs. Mahon.

In the Act of 11th April, 1848, it is declared, that every species of property, real, personal, or mixed, belonging to a woman at the time of her marriage, or accruing to her during the coverture, shall be " owned, used, and enjoyed by such married woman as her own separate property," &c. It is, however, provided, that nothing in the Act shall be construed to protect the property of any such married woman from liability for debts contracted by herself, or from levy and execution on any judgment recovered against her husband for *the torts* of the wife; in such cases execution to be first had against the property of the wife.

By a subsequent section it is provided, that, in cases where debts may be contracted for *necessaries* for the support of the family of a married woman, both husband and wife may be sued, and if no property of the husband be found, the separate property of the wife may be levied upon; but judgment is not to be rendered against the wife unless it has been proved that " the debt was contracted by *the wife, or* incurred for articles necessary for the support of the family of the said husband and wife."

*Mellon* and *Negley*, for plaintiffs in error.—The Court below was of opinion that the wife should have stated in her affidavit the purpose for which the money was borrowed; and that, this not having been done, it might be inferred that it was borrowed in the management of her separate estate. But, under the pleadings, it was not considered, on part of defendants, necessary to state that this was not the case, or that the debt was not contracted for necessaries. Reference was made to the case of Williams and Wife *v.* Coward and Wife, *Legal Journal*, July 22, 1854; and to the Act of 25th April, 1850.

*Slagle*, for defendants in error.—The Act of 1848 has effected a radical change in the condition of a *feme covert.* In respect

[Mahon *v.* Gormley.]

of her separate estate she is to be considered as a *feme sole :* 1 *Jones* 272, Cummings' Appeal; 1 *Harris* 480, Goodyear *v.* Rumbaugh and Wife; 4 *Id.* 134, Sheidle *v.* Weishlee. It is not imperative, by the Act of 1850, that a *feme covert* should manage her estate through *a trustee.*

The rule of Court requires a specific affidavit of defence.

The opinion of the Court was delivered, December 12, ·by
LEWIS, J.—The Act of 11th April, 1848, "to secure the rights of married women," was intended for their protection, not for their injury, and must receive such a construction as shall promote that object. It may occasionally be necessary, in order to carry out the intent of the statute, that a married woman should be able to bring suits in her own name for rights which belong to her: 1 *Harris* 480; 4 *Harris* 134. And there are cases in which suits may be sustained against her for the purpose of charging her estate with the liabilities thrown upon her by the Act, or necessarily resulting from the privileges conferred by it. But it was not intended to clothe her with the unlimited power of a *feme sole,* so that she might embark in trade, incur liabilities without her husband's consent as surety for strangers, or borrow money for speculations at usurious rates. In her dependent condition, with duties which preclude and habits which unfit her for out-door business of life, to give her these extensive powers would be an injury instead of a benefit to her, and would be altogether at variance with the benevolent purposes of the legislature. The statute is in derogation of the common law, and must therefore be strictly confined to the objects plainly expressed or necessarily implied. The marital relation, with its rights and duties, are not abrogated. They remain as before except in the particulars necessarily changed by the Act. She has the right to " own, use, and enjoy her estate as her own separate property;" but it has been decided that she has no right to sell it without the consent of her husband: Peck *v.* Ward, 6 *Harris* 508 ; Ulp *v.* Campbell, 7 *Harris* 361. The Act of 1848 gives her a right to acquire property by " deed of conveyance or otherwise," and therefore by implication confers upon her the right to charge it with the payment of the purchase-money, for that is a part of the act of acquisition ; but it has been held that she cannot charge her other estate with the debt: Patterson *v.* Robinson, not reported. The *proviso* that the Act " shall not be construed to protect her property from liability for debts contracted by herself, or in her name, by any one authorized so to do," or for her " torts," is not to be construed as enlarging her power to contract debts. Its object is merely to make her estate liable for her torts and for debts lawfully contracted by her. The proviso may have ample operation by confining it to torts, to debts contracted before mar-

[Mahon *v.* Gormley.]

riage, and to liabilities necessarily incurred in the management of her estate, and for necessaries for the support and maintenance of the family. For these her estate is made chargeable either by the terms of the Act or by necessary implication arising from the rights conferred by it. But beyond these liabilities she stands under the protection of the common law. In general, therefore, a married woman is incapable of contracting debts. Her capacity and liability are exceptional cases; and a plaintiff who seeks to charge her by a judgment entered for want of a sufficient affidavit of defence should bring his own case within some one of the exceptions. Having failed to do this, he is not entitled to an affidavit of defence at all. Where the declaration is on a promissory note, and contains no averment respecting the origin of the debt, the plea of coverture, without any such averment, is a good answer to it on demurrer. If the plaintiff wishes to avoid its effect he must set forth in a replication the special circumstances which make the defendant liable, notwithstanding her coverture, or amend his declaration so as to set forth these circumstancess. So if the plaintiff, in his affidavit of claim, sets forth a promissory note, without stating any of the special circumstances which make a married woman liable on such a contract, an affidavit of defence, setting forth the coverture of the defendant, without negativing those special circumstances, is sufficient. In this case the action was on a promissory note. There was no averment to establish even a *primâ facie* case against the defendant. The affidavit of the latter set forth that she has " a valid and legal defence to the plaintiff's entire claim—that at the time the debt was contracted and note given she was a married woman, and still is the wife of Richard Mahon—and that the debt was not contracted for necessaries for the support of herself or family." This was a sufficient answer to the plaintiff's claim.

The 5th assignment of error is withdrawn. We see no error except the one already noticed. The cause should be sent to a jury to try the issues.

Judgment reversed and *procedendo* awarded.