# Kuhns and Wife *versus* Turney.

If a mechanic or material-man would successfully charge the estate of a *feme covert* for work and labor done or materials furnished, he must not only prove on the trial but also set forth in his claim filed that such work or material was necessary for the proper improvement or repair, as the case may be, of her separate estate.

November 1st 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. SHARSWOOD and WOODWARD, JJ., absent.

Error to the Court of Common Pleas of *Westmoreland county:* Of October and November Term 1878, No. 170.

6 NORRIS—32

[Kuhns *v.* Turney.]

Scire facias, sur mechanics' lien by G. W. and A. J. Turney, trading as Turney & Bro., against Joseph H. Kuhns and Harriet Kuhns, his wife, the said Harriet being the contractor and owner, and John Sindorf, contractor.

The claim filed set forth, inter alia, that the amount claimed to be due is $445.52, with interest thereon from the 28th October 1876. The same being for work done and materials furnished continuously within six months last past for and about the erection and construction of said building and on the credit of said building, and the said work was done, and the said materials so furnished, with the consent of said Harriet Kuhns, wife of said Joseph H. Kuhns, and for the improvement of the estate of the said Harriet Kuhns. The particular items, amounts and dates when said materials were furnished, and work done, being specifically set out in the bill hereto annexed and made part hereof, and being furnished by the authority and with the consent of the said Harriet Kuhns.

The defendants pleaded *nil debet*, payment, &c. "And for further plea, averred that the said debt was not contracted by the said Mrs. Harriet Kuhns herself, nor by any person authorized by her so to do, she being a married woman. That the said debt was contracted with the said John Sindorf by the said plaintiffs, by himself, and upon his own credit, and that the said plaintiffs failed or neglected to enforce payment from him, he being of sufficient ability to pay; the said Mrs. Kuhns having long prior to said lien being entered, paid the said Sindorf in full of her contract with him for the building said house."

At the trial it appeared that Mrs. Harriet Kuhns, wife of Joseph H. Kuhns, Esq., was the owner in fee in her own right of a lot of ground near Greensburg borough, in Westmoreland county, and entered into a contract with John Sindorf, to erect a dwelling-house on the same for the sum of $4000, he to furnish all the material and do the work. Sindorf erected the house and was paid the $4000. Turney & Bro., in the course of the work, furnished to Sindorf various articles of hardware, and also did some roofing and spouting, which they charged to Sindorf, as shown by their bill, amounting to $445.04. Turney & Bro., alleging that Sindorf never paid them, filed their mechanics' lien against the building and lot of ground, and issued their scire facias to recover the same.

At the trial of the cause the defendants below asked the court to instruct the jury that the plaintiffs could not recover in this action, as they failed to set forth in their pleadings any averment that the materials furnished and work done were for the necessary repair or improvement of the separate estate of Mrs. Harriet Kuhns—that being a married woman she could only contract for necessary repairs or improvements, and this must be averred in the pleadings and shown by the proof. The court reserved the question and the jury

[Kuhns *v.* Turney.]

found for the plaintiffs, and after argument and consideration of the reserved question, directed judgment to be entered on the verdict in an opinion, inter alia, saying :—

"A married woman's right to contract debts for the improvement of her real estate has its authorization in the 6th section of the Act of 1848, and not in the 8th : Murray *v.* Kees *et ux.*, 11 Casey 384. In the 6th section the word "necessaries" is not used (as in the 8th), and in it is she empowered to own, use or enjoy her separate estate. Improvement is essential to the use and enjoyment. Conceding that there may be a limit to the extent of the improvement for which she may bind herself, yet, inasmuch as a married woman may improve, and as the word improvement carries with it the idea of betterment, it is not too much to hold that the presumption is with the reasonable necessity of the improvements, when contracted for by her. This presumption would, of course, be liable to be rebutted by anything on the face of the lien negativing the reasonableness of the improvements, by plea and proof on the part of the defendant. There is nothing on the face of this lien tending to show that the improvement was other than reasonable, or any defence taken in affidavit or plea on this ground, and the presumption remains that the improvement was reasonable."

Motion to enter judgment for defendant *non obstante veredicto* refused, and leave given to enter judgment on the verdict.

The plaintiffs took this writ alleging that the court erred :—

1. In holding that the pleadings were sufficient to enable the plaintiff to recover.

2. In saying, "that it is not too much to hold that the presumption is with the reasonable necessity of the improvements, when contracted for by her."

3. In entering judgment for the plaintiffs on the verdict on the reserved question.

*J. F. Wentling*, for plaintiffs in error.—A married woman being incapable of making any contract at common law, and placed in this respect in the same grade as persons *non compos*, infants, &c., the legal presumption would be against either the reason or necessity of any contract she might make, and therefore the law for her protection requires that the necessity of it should be shown by the party seeking to charge her estate, and he should set forth in his pleadings that the repairs and improvements were necessary, and it must so appear on the record, before he can offer any evidence to the jury. What are necessaries is a question for the jury, and the issue must be raised by the plaintiff and supported by his proof: Parke *et ux. v.* Kleber & Bro., 1 Wright 251 ; Mohney *v.* Evans, 1 P. F. Smith 80.

In Dearie *v.* Martin, 28 P. F. Smith 55, it is held that "the claim should set forth substantially all the facts necessary to the validity

[Kuhns *v.* Turney.]

of the lien." The divestiture of a wife's title under a mechanic's lien must depend on the record, and it must contain all that is essential to bring the debt within the spirit and meaning of the Act of 1848: Finley's Appeal, 17 P. F. Smith 453 and 441; Dearie *v.* Martin, *supra;* Berger *v.* Clark, 29 P. F. Smith 340; Shrifer *v.* Saum, 31 Id. 385; Lloyd *v.* Hibbs, Id. 306; Parke *v.* Kleber, *supra.*

*Hunter, Klingensmith, McConnell* and *H. P. Laird,* for defendants in error.—Where the wife is sought to be charged in respect of her separate estate for a contract liability under the 8th section of the Act of 1848, it must be alleged on the record and proven that she contracted the debt, and that the debt was incurred for articles necessary for the support of the family. But when, under the provisions of the 6th section of the Act of 1848, she contracts a debt herself, or causes it to be done by another, whom she has authorized, in the purchase of real estate in her own right or in the improvement of real estate owned by her, the law does not require any allegation on the record that in either case it was necessary: Murray *v.* Keys, 11 Casey 391; Patterson *v.* Robinson, 1 Id. 82; Lloyd *v.* Hibbs, 31 P. F. Smith 306.

Mr. Justice GORDON delivered the opinion of the court, January 6th 1879.

This is a scire facias by which the plaintiffs below sought to charge the separate estate of a married woman. The claim filed sets forth, inter alia, that, "The amount claimed to be due is $445.52, with interest thereon from the 28th of October 1876. The same being for work done and materials furnished continuously, within six months last past, for and about the erection and construction of said building and on the credit of said building, and the said work was done, and said materials furnished, with the consent of said Harriet Kuhns, wife of said Joseph Kuhns, *and for the improvement of the estate of the said Harriet Kuhns.*" Under the instruction of the court, a verdict was rendered for the plaintiff, the question being reserved whether the allegation in the claim that the work was done and the materials were furnished for the improvement of the estate of Harriet Kuhns, without the further allegation that such improvement was *necessary*, was sufficient to charge her separate estate. Afterwards the court, on motion, entered judgment on the verdict. In this we think there was error. In Murray *et al. v.* Keys and Wife, 11 Casey 384, and in Findley's Appeal, 17 P. F. Smith 453, it was held, first, that, in order to charge a married woman's property, it must appear *from the record* that the debt charged is within the letter or spirit of some one of the exceptions of the Act of 1848; second, that the divestiture of a wife's title, under a mechanics' lien, must depend

[Kuhns *v.* Turney.]

upon what appears by the record, and not merely upon proof that she had consented to the contract under which the claim was filed. These cases are followed and approved in Dearie *et ux. v.* Martin, 28 P. F. Smith 55; Lloyd *et ux. v.* Hibbs, 31 Id. 306; and Shrifer *v.* Saum, Id. 385.    It follows that if there is a failure to set forth on the record, or to establish by proof, anything that is required by the Act of 1848, in order to charge a married woman's separate estate, the plaintiff must fail.

Strictly, however, by the act itself, not only would the plaintiffs' claim be discarded, but every one of a like character, for the common-law powers of the *feme covert* are not by it enlarged, except in the single case in which she is authorized to contract debts for necessaries for the support of her family.    It is argued, on part of the plaintiffs below, that the sixth section of the act empowers a married woman to charge her estate separate, on her own contracts, to any extent she may think necessary.    This, however, results from a misconception of the proviso which forms part of that section, for it has been held by this court that that proviso relates exclusively to debts contracted by her before marriage : Clyde *v.* Kaiser *et ux.*, 8 Casey 85; Bear's Admr. *v.* Bear, 9 Id. 525.    It has also been held that this act was not intended to take away any of the safeguards which the law had thrown around her property, and that her right to use and enjoy is enlarged, but not her power of disposition.    That she may charge her separate estate with debts, created for necessary repairs or improvements, results not from the words of the statute, but rather from construction and implication.    If she is to enjoy her property, it must needs be that she have the power to put and keep it in a proper condition for use or profit, but this power arises only *ex necessitate rei*, and where the necessity ends there ends her power.    This is as far as the present legislation permits us to go, and it is well that it should be so, otherwise, the property of married women would fall an easy prey to weak or designing husbands and crafty speculators.    As it is, with the help of mechanics and material men, it is quite possible for wives to improve themselves out of their estates, and it is sincerely to be hoped that neither by construction nor by legislation will this possibility be resolved into a probability.

It has, indeed, been seriously doubted whether we have not already gone beyond the intent of the statute, and too far relaxed the common-law rule governing the contracts of married women ; but it is impossible to see how, under a strict application of that rule, a *feme covert* could properly preserve and enjoy her estate, and it would therefore seem to be proper, in order to give the act its intended force, to allow her to contract for *necessary* improvements and repairs.    But it will be seen, by what has been already said, that this power must be limited by the requirements of necessity.    It follows, that if a mechanic or material-man would suc-

[Kuhns *v.* Turney.]

cessfully charge the estate of a *feme covert*, for work and labor done, or material furnished, he must not only prove on the trial, but also set forth in his claim filed, that such work or material was necessary for the proper improvement, or repairs, as the case may be, of her separate estate.

> The judgment is reversed, and it is now ordered that judgment on the reserved point, *non obstante veredicto*, be entered for the defendants.