# Hugus & Hacke *versus* Dithridge Glass Company.

1. A judgment by a personal action can be obtained against a married woman only for necessaries contracted for by herself, or in some of the cases enumerated in the Act of Assembly; and the facts to fix her liability must affirmatively appear on the record, otherwise the judgment is void.

2. Where an attachment execution issued upon a judgment against a married woman, which was void for the above reasons, and the defendant in the attachment pleaded nulla bona, the defendant in the judgment can, nevertheless, come in at the trial and show that the judgment is void and so prevent the married woman's money or property being taken by the attachment.

3. Hecker *v.* Haak, 7 Norris 238, followed.

November 8th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1880, No. 223.

[Hugus *v.* Dithridge Glass Co.]

Attachment execution issued by Hugus & Hacke against William Ihmsen and James E. Ledlie, and Elizabeth McLaughlin, wife of William F. McLaughlin, formerly Elizabeth Ihmsen, executors of Charles T. Ihmsen, deceased, partners as C. Ihmsen & Sons.

This was an attachment execution issued on a judgment for $502.81, and was recovered on the 10th of August 1875, upon a note of which the following is a copy:

" $499 $\frac{89}{100}$ Pittsburgh, Pa., May 21, 1875.

Sixty days after date, we promise to pay to the order of Hugus and Hacke four hundred and ninety-nine $\frac{89}{100}$ dollars without defalcation. Value received. C. Ihmsen & Sons,

Per JAMES E. LEDLIE, Attorney."

A number of parties were summoned as garnishees in the above attachment, all of whom pleaded nulla bona, but this case was tried only as to the Dithridge Glass Company, Limited, who admitted on the trial that they had in their hands $437.52 due to Mrs. Elizabeth McLaughlin, one of the defendants, individually, being part of the rent of the Mulvaney estate, to which she was entitled as heir-at-law and legatee under the will of her father, Patrick Mulvaney, deceased.

It was also admitted that Charles T. Ihmsen, one of the firm of Ihmsen & Sons, died on the 29th of May 1870. The said garnishees, to maintain the issue on their part, offered in evidence the last will and testament of Patrick Mulvaney, deceased, the father of the said Elizabeth McLaughlin, and especially the eighth clause of said will, which is as follows:

" Eighthly.—All the rest and residue of my estate, real, personal and mixed, I devise and bequeath to my four daughters, to be divided between them equally, share and share alike, for their sole and separate use and benefit, and not to be subject to any contracts, debts, or other liabilities of their husbands; and upon the decease of either of my said daughters, her share is hereby devised over to her children."

It was admitted, in this connection, that Mrs. Elizabeth McLaughlin, one of the defendants, was one of the four daughters named in the above will, and that she was the wife and widow of Charles T. Ihmsen, deceased, who was a member of the firm of C. Ihmsen & Sons, and the present wife of Wm. F. McLaughlin, who was joined with her as defendant.

The garnishees also offered in evidence the will of the said Charles T. Ihmsen, deceased, dated March 1st 1870, and which contains the following direction:

" Whereas, by an agreement between my brother William and myself, bearing even date herewith, the business of the firm of C.

15 NORRIS—11

[Hugus *v.* Dithridge Glass Co.]

Ihmsen & Sons, composed of my brother William Ihmsen and my-self, is to be continund for the period of six months subsequent to the death of either of us, when the said business is to be wound up and the partnership dissolved. I wish it clearly understood, that in the event of my dying first, I hereby authorize and fully empower my executors, if to them it shall seem meet and for the best interests of my estate, to continue the said business of manufacturing and selling glass and glassware, after the said period of six months from my death as aforesaid, at their discretion, for such period as they may deem for the best interests of my estate; but if they do not deem it advisable to carry on said business for any longer period than the six months aforesaid, then, on the expiration thereof, to settle and finally close up the business of said copartnership."

It was also admitted that the note upon which the original judgment in the case was obtained, was given for an obligation of the firm of C. Ihmsen & Sons. Also admitted, that the said Elizabeth Ihmsen, widow of the said Charles T. Ihmsen, was married on the 17th of October 1874, to Wm. F. McLaughlin. No facts being in dispute, it was agreed on the trial, between the counsel of the respective parties, that a verdict should be rendered for the plaintiffs, subject to the opinion of the court, whether, under the facts admitted and the record evidence, the plaintiffs were entitled to recover. The jury, accordingly, found as follows:

"We find for the plaintiffs in the sum of $499.89, that being the sum in the hands of the garnishees due Mrs. McLaughlin, subject to the opinion of the court on the question of law reserved; which is, whether, under the facts admitted and the record evidence, the plaintiffs are entitled to recover. If the court should be of opinion that the law is with the plaintiff, then judgment to be entered for them; but if the court should be of opinion that the law is with the defendants, then judgment to be entered for them *non obstante veredicto*."

On the 17th of July 1880, judgment was entered for defendants *non obstante veredicto*, the court filing the following opinion:

"There are two questions raised by the record in this case: 1st. Is the judgment in evidence a judgment against Mrs. McLaughlin personally, or against her as executrix? On this question we are inclined to take the view of the learned counsel for the plaintiffs. Mrs. McLaughlin was a member of the firm of C. Ihmsen & Sons, under the provision of her husband's will, and she authorized the execution of the note, upon which the judgment was had, by her attorney-in-fact, James E. Ledlie. Judge Parsons, in his work on Contracts, ch. 8, sect. 109, says: 'If an executor or administrator receives as such a promissory note or bill of exchange of the deceased, and endorses the same, he is liable upon it personally. If he make a note or bill, signing it as executor, he is personally

[Hugus *v.* Dithridge Glass Co.]

liable, unless he expressly limits his promise to pay by the words 'out of the assets of my testator,' or 'if the assets be sufficient,' or some equivalent.' No limitation of liability appears in the note in this case. It is simply the note of the firm of C. Ihmsen & Sons, of which Mrs. McLaughlin, as executrix, was a member. We, therefore, think that the judgment is a judgment against her personally..

"But suppose the judgment against Mrs. McLaughlin is a personal judgment, upon which she would be liable as any other partner; what does the record show? It is an admitted fact that at the date of the making of the note, and at the date of the entry of the judgment, she was, and still is, a married woman. She was married to W. F. McLaughlin, her present husband, on October 17th 1874. The note is dated May 11th 1875, and the judgment upon it is entered on August 10th 1875. The record does not show that her husband was joined, or that it was had for necessaries contracted for by her, or for any of the causes for which a married woman can be held liable. This raises the second question —Is the judgment void? We think it is. A judgment by a personal action can be obtained against a married woman only for necessaries contracted for by herself, or in some of the cases enumerated in the Act of Assembly; and the facts to fix her liability must affirmatively appear on the record, otherwise the judgment is void: Hecker *v.* Haak et al., 7 Norris 238. But the plaintiffs' counsel contends that the plea of the defendants being 'nulla bona,' the question cannot be raised in this action. While it is true that, generally, the plea of 'nulla bona' waives all irregularities in the process, yet we think that the defendant in the original judgment may come in at the trial and show that the judgment is void, and so prevent his money or property from being taken by attachment. At any rate, the question is raised in this case, for the question of law reserved is; 'whether under the facts admitted and the record evidence, the plaintiff is entitled to recover?'

"We are of opinion that judgment should be entered for the defendants, *non obstante veredicto*, which is now ordered to be done."

The plaintiffs took this writ, alleging that the court erred in entering judgment for the garnishee, The Dithridge Glass Company, Limited, on the question of law reserved, and in not directing judgment to be entered for the plaintiffs on the verdict, and on the question of law reserved.

*Thos. C. Lazear* for plaintiffs in error.—Upon the question whether the judgment on which the attachment in this case was issued is to be treated as a personal judgment against Mrs. McLaughlin, we refer, in addition to the authorities cited by the learned judge of the court below in the affirmative of this question, to the

following Pennsylvania decisions, all holding that in cases of promises, expressed or implied, made by an executor after the death of his testator, he is liable personally. Grier *v.* Huston, 8 S. & R. 402 ; Beeson *v.* McNabb, 2 Watts 106 ; Solliday *v.* Berry, 12 Id. 347 : Aughinbaugh *v.* Roberts, 4 W. N. C. 181 ; Seip *v.* Drach, 2 Harris 352.

The only plea in the case being "nulla bona," the defence was limited to the issue thus raised, and the validity of the original judgment could not, therefore, be questioned : Poor *v.* Colburn, 7 P. F. Smith 415. In Butterfield's Appeal, 27 Id. 197, it was held that where a judgment was against a married woman, though it might be absolutely void and such as could be set aside and reversed at her instance, its validity could not be inquired into or impugned collaterally, except for fraud. To the same effect is Hartman *v.* Ogborn, 4 P. F. Smith 120. If a feme covert be sued as a feme sole, the sheriff shall take her in execution, though she be a feme covert and have another name, because she is estopped by the judgment until it is reversed : 1 Rol. 869 ; 4 Com. Dig. 204. A judgment on warrant of attorney against a feme covert must be reversed on error, and not otherwise : 3 B. & P. 128, 220 ; Bing. Inf. 238 ; Warden *v.* Eichbaum, 3 Grant 42.

*Barton & Sons,* for defendants in error.—The cases cited by the plaintiffs in error are actions which were brought to charge executors personally or defence was made that the defendant was acting as executor, which is not this case. This is an attachment execution upon a judgment already obtained, and in the trial thereof they cannot go behind the original action and say the suit was on a note on which Mrs. McLaughlin might have been held personally liable. *The suit is not on the note. The question is can the rent* accruing to Mrs. McLaughlin, under the will of her father, set aside for her separate use, be attached on a judgment against her as executrix of her former husband—a debt of her former husband contracted by authority under his will.

Whether they sued her personally or as executrix, or whether the judgment already entered is judgment against her individually, or against her as executrix, we think we were entitled to judgment on both grounds. The court holds that as she was a married woman, and the note was not for necessaries, that the judgment against her is void ; on this he is justified by a very recent case, Hecker *v.* Haak, 7 Norris 238, where it is held that a judicial sale of a married woman's real estate upon a judgment that does not show affirmatively on its face that it was for necessaries, &c., passes no title. But we repeat and insist that this record does not only not show that it is upon a cause of action for which she is made liable under the statute, but that it does show a judgment against her as executrix of the estate of Charles T. Ihmsen, in her repre-

[Hugus *v.* Dithridge Glass Co.]

sentative capacity, precisely the same as if it had been obtained upon a note of the firm of C. Ihmsen & Son, issued by that firm before the death of Charles T. Ihmsen.

The judgment of the Supreme Court was entered, November 22d 1880,

PER CURIAM.—This judgment is affirmed upon the opinion of the court below on the question of law reserved.

Judgment affirmed.