# L. A. BAKER v. THE SINGER MFG. CO.

## ERROR TO THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY.

Argued May 29, 1888—Decided October 1, 1888.

1. The act of February 29, 1872, P. L. 21, gives to married women a general power to contract for sewing machines for their own use, without their husbands joining and without limit as to the form of the contract, whether by judgment note or otherwise.

2. But, as a married woman is not vested by the act with the unlimited powers of a feme sole, the power is exceptional, and to enforce the con-

tract the plaintiff must show by his pleadings that the debt charged is within the letter of the act, or his case fails.

3. A judgment note, given by a married woman in the purchase of a sewing machine, will not sustain a judgment confessed thereon against her, unless it appear, either in the note or in the statement on which the judgment is entered, that it was given in the purchase of a sewing machine for her own use.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 14 May Term 1888, Sup. Ct.; court below, No. 135 September Term 1886, C. P.

On June 1, 1886, judgment was entered in favor of The Singer Manufacturing Company against Lib. A. Baker upon a note for $30, executed by her alone, dated May 1, 1883, payable one year after date and containing a warrant of attorney to enter judgment, with a waiver of the benefit of the exemption laws, and of inquisition and condemnation of any real estate that might be levied upon. The same day a fieri facias was issued.

On June 14, 1886, the defendant presented her petition setting forth inter alia that on May 1, 1883, when she executed said note she was a married woman, the wife of Daniel H. Baker, and, showing the entry of judgment thereon and the issuance of said writ, a rule was granted upon the plaintiff to show cause why the writ should not be stayed and why the judgment should not be stricken from the records. The same day, service of the rule was accepted by the plaintiff's attorney, but the plaintiff filed no answer.

On August 10, 1886, the court, ROWE, P. J., filed the following opinion and decree:

The defendant, a married woman, bought a sewing machine for her own use from the plaintiff, and gave her judgment note for it, upon which judgment was entered against her, and this rule has been obtained to set it aside.

The act of assembly of February 29, 1872, P. L. 21, reads thus: " All contracts made by married women in the purchase of sewing machines for their own use, shall be valid and binding, without the necessity of the husband joining in the same."

Not only is it that a wife may contract *for* the purchase of such a machine, but she may make contracts *in the purchase.*

By means of a sewing machine, a wife—usually the mother of a family—is relieved of much tedious and wearisome work, and it thereby conduces to her health and happiness. If she has separate property wherewith to buy one or to secure the price of one, the husband ought not to have the power to forbid the use of her own means for a purpose promotive of such benefit to her, and that, whether the sewing machine is strictly in the category of necessaries for the support and maintenance of her family or not. If she is able and willing to pay for one, she ought to have it whenever she thinks it desirable to lighten labor, she alone being the judge. The object of the law is to ameliorate the condition of the mater familias by conferring contract capacity in this regard, making her independent of her husband and taking her out of his power. Out of such views and considerations this law sprang up.

For the defendant, the contention is (1) that she could not make a warrant of attorney to confess judgment, and (2) that her husband must be joined with her in any action for the price of the machine, and if it appears that it was a necessary for the support of the family, his property must be looked to in the first instance.

For an answer to the second position I content myself with a reference to McQuillen v. Singer Manufacturing Co., 99 Pa. 586. Mrs. Baker cannot send the plaintiff against her husband, but the plaintiff may pursue the husband, and, if it is shown that the sewing machine was in the class of necessaries, he may be held liable for the price of it.

As to the first position more must be said. At common law a married woman could not make a note or bond, by reason of her want of contract capacity, and she could not give a warrant of attorney to enter judgment, for the same reason and because she could not be sued alone, being entitled to the protection of her husband. The very question here, however, is whether the act of 1872 has not conferred on her the capacity to make a judgment note, a thing the legislature could do, if they meant it. The statute has conferred such capacity in terms, if the giving of a judgment note is a contract or stipulation in the purchase of the sewing machine. I take it she may make

what terms she pleases, so long as they are essentially part of the contract of sale, as was said by Mr. Justice GORDON in respect of a married woman's purchase of land. "This of course means," he says, "that so far as the property purchased by a feme covert is concerned, she may bind it for the purchase money in any manner that she might were she sole." And so she could make a bond or a warrant of attorney to confess judgment: Shnyder v. Noble, 94 Pa. 286.

That in the purchase of a sewing machine for her own use, a married woman can give a valid note for the price, without her husband joining, is scarcely doubtful. A feme covert, a feme sole trader under the custom of London, can give a promissory note or make a binding contract in the course of her business: Ware v. Henry, 1 Pears. 77. So, under our act of 1718, 1 Sm. L. 99, she can make a bond: Burke v. Winkle, 2 S. & R. 190. But it is contended that she cannot make a note or bond with a power of attorney to enter judgment. Let us see about that.

A feme sole trader under the custom of London cannot give a bond with warrant of attorney to enter judgment, without her husband joining. The reason is, because she cannot be sued alone: Caudell v. Shaw, 4 Term R. 361, cited in Ware v. Henry, 1 Pears. 77; see also Caldwell v. Walters, 18 Pa. 82. In Brunner's Appeal, 47 Pa. 67, it was held that the judgment note of a married woman, given for a debt contracted for the improvement of her separate estate, is not good and a judgment entered thereon is void, because she ought to be joined in a suit with her husband. "The joinder of the husband is essential to her protection." In Keiper v. Helfricker, 42 Pa. 329, where the husband had joined his wife in the judgment bond, it is said (but this was not the point for decision) that the bond, warrant, and judgment of a married woman would not be good even though given for debts contracted before marriage or for necessaries for the support of the family, because her separate estate must be reached through some appropriate form of action, and not by means of instruments which the Supreme Court have declared to be null and void. But upon this case it ought to be observed, that as to articles necessary for the support of the family, the true reason is given in Brunner's Appeal, 47 Pa. 74, which is that the 8th section

of the act of 1848, P. L. 536, prescribes that the suit shall be against husband and wife both, and execution shall be in the first instance against the husband alone. And, as to debts of the wife contracted before marriage, the act of 1848 merely says her husband shall not be liable for them, and does not further change the common law. And with respect to all the above cases, it may be observed that there was no statute applicable to them, broadly declaring that all contracts made by a married woman in such a matter should be valid and binding without the husband joining therein.

Now, to look at the other side, it is agreed that a married woman may make a judgment note in the purchase of land, though there is no statute which permits her, in such case, to be sued alone: Christner v. Hochstetler, 109 Pa. 27. And the reason as given in Shnyder v. Noble, 94 Pa. 286, by Mr. Justice GORDON, is this: "If her warrant was good at all, it was good because of her power to bind herself, or rather the land purchased by her." And in Patterson v. Robinson, 25 Pa. 81, it was said that "under the act of 1848, her power to purchase gives her a right to contract for the payment of the consideration money so far as to charge the property with such incumbrances as may be agreed upon to secure its payment." But our act of 1872 not only confers power to purchase, but to make all contracts in the purchase. See, however, Brunner's App., 47 Pa. 73.

I think Winternitz v. Porter, 86 Pa. 35, somewhat impinges upon the doctrine of Brunner's Appeal. It was there held that a feme sole trader may be sued alone for an indebtedness incurred by herself in the repair and improvement of her separate real estate. This was not in the course of her business. If she could be sued alone, could she not give a judgment note? I instance these cases of feme sole traders as peculiarly applicable to the case in hand, because a feme sole trader has by statute capacity to make contracts in carrying on her business, and a married woman has by statute capacity to make all contracts in the purchase of a sewing machine for her own use. But what if a feme sole trader cannot give a warrant of attorney to enter judgment? She may ruin herself by contracts which ought to be defended against. And what if a married woman cannot give a judgment for repairs and improvements?

She may improve herself out of her land. But what injury can come to a married woman, having a separate estate, by confessing judgment for the price of a sewing machine? The act of 1872 does not regard the husband's protection necessary in the matter of the purchase.

Consider, moreover, that if a wife cannot secure the price of the machine in such a way that it can be recovered without uncertainty, cost and delay, she often will not be able to buy. The act contemplates a sale on credit, a contract which the husband need not join in, and the statute was not needed for cases where the wife has the money in hand to pay down for the sewing machine. To hold that she cannot give a judgment note is not advantageous to her, because she cannot buy so well, and the beneficent purpose of the act will be largely thwarted, and because, though having no defence, she must incur the costs of an action. The act of 1872 ought to be so construed as to advance its purpose, as the act relating to feme sole traders was construed in Burke v. Winkle, 2 S. & R. 189, and in Winternitz v. Porter, 86 Pa. 35. A married woman should be treated as a feme sole in respect of all her contracts in the purchase of a sewing machine for her own use, made on her own behalf and not as agent of her husband, and without his joining therein, with power to make any contract in the purchase except such as would be manifestly to her injury, which the giving of a judgment note would not be: McQuillen v. Singer Mfg. Co., 99 Pa. 586.

The rule to set aside the judgment is discharged.

The defendant then excepted to the order discharging the rule granted and took this writ, assigning the said order as error.

*Mr. W. U. Brewer*, for the plaintiff in error:

1. The judgment note of a married woman is void. The single exception is in the case when it is given for the purchase money of real estate, and even then it must be given at the time the land is conveyed, and it is not good as a personal obligation, but may be enforced only against the land conveyed: Shnyder v. Noble, 94 Pa. 286; Glidden v. Strupler, 52 Pa. 400; Vandyke v. Wells, 103 Pa. 49; Sellers v. Heinbaugh, 117 Pa. 218.

2. The act of February 29, 1872, P. L. 21, gives to a married woman simply the power to contract for the purchase of a sewing machine, but it was never intended by the act that she might incumber her estate by giving a judgment note for such a purchase. The act simply permits a married woman to buy a sewing machine for her own use on credit. If she refuse to pay, suit is brought against her and her husband is joined in the action. And if it appear that the machine was bought for her own use and was a family necessary, the husband would be primarily liable; but if it appear that the machine is not a necessary within the meaning of the act of 1848, then the wife alone is liable and the law will compel payment from her estate. This is indicated in McQuillen v. Singer Mfg. Co., 99 Pa. 586; Wheeler & W. Mfg. Co. v. Heil, 115 Pa. 487. These two cases are the only ones which have been before this court since the act of 1872 was passed: but the act has been before a number of the Common Pleas Courts: Singer Mfg. Co. v. Wilson, 1 Chest. Co. R. 260; Richel v. Munn, 2 Pa. C. C. R. 267; Shaw v. Dickey, 3 Pa. C. C. R. 152.

3. It has been decided in our own state and in England, that a married woman doing business as a feme sole trader, cannot give a valid bond with warrant of attorney to enter judgment: Caudell v. Shaw, 4 Term R. 361; Ware v. Henry, 1 Pears. 77; Caldwell v. Walters, 18 Pa. 79; Shallcross v. Smith, 81 Pa. 132; Sellers v. Heinbaugh, 117 Pa. 218. The cases cited and the reasons given in them demonstrate that the judgment given by the defendant is void.

*Mr. William Alexander*, for the defendant in error:

It is conceded that by the common law this bond would have been void, because the defendant had no capacity to make it. But the act of 1872 removes her common law disability and confers upon her a full, complete and absolute power to make all contracts which she may desire or be required to make in the purchase of a sewing machine for her own use.

1. A note or a bond is simply a contract; the one a simple contract, the other a more solemn contract, a specialty. If the bond is good, the warrant of attorney is also good. "It was the bond, or rather the contracting power to make the bond, that gave validity to the warrant:" Vandyke v. Wells, 103

Pa. 60; and this was held in reference to Shnyder v. Noble, 94 Pa. 286, in which it was said by Mr. Justice GORDON, "If her warrant was good at all, it was good because of her power to bind herself, or rather the land purchased by her." The validity of the contract by a wife, her unrestrained power of contracting in the matter, that the husband is not bound, and that judgment may be had against the wife alone, was clearly decided in McQuillen v. Singer Mfg. Co., 99 Pa. 590.

2. A married woman, being a feme sole trader, may execute a valid bond for necessaries for the support of her family: Burke v. Winkle, 2 S. & R. 190; and may be sued alone on her contracts for the improvement of her real estate: Winternitz v. Porter, 86 Pa. 35. It has never been held that a married woman who can be sued alone and has capacity to make valid contracts cannot give a judgment obligation. The present case differs from Brunner's App., 47 Pa. 67, and Keiper v. Helfricker, 42 Pa. 329, in this, that the married woman's power in this case is by statute full and unlimited, not requiring the protection of her husband nor subject to the disability of coverture: McQuillen v. Singer Mfg. Co., 99 Pa. 590; Hecker v. Haak, 88 Pa. 242.

OPINION, MR. CHIEF JUSTICE GORDON:

On the 1st of May, 1883, Mrs. Lib. A. Baker executed a judgment note to the Singer Manufacturing Company in the sum of $30. On this note judgment was entered against Mrs. Baker on the 1st of June, 1886, in the said sum of $30. On the 14th of June, in the year last named, the defendant, by her counsel, entered a rule to vacate this judgment, wherein the fact of her being a married woman was set forth, which rule after hearing was discharged. To this action of the court exception was taken on the part of the defendant, which exception we now have before us for consideration.

It is admitted that Mrs. Baker was a married woman as well at the time of the giving of the note as at the time of the entry of the judgment. It is not necessary, in view of the fact stated, to cite authority to prove that both the note and judgment are prima facie void. The court, however, assumed, and so it was admitted, that the note was given for a balance due on a sewing machine purchased by the defendant, and on this assump-

tion it was held that as the act of the 29th of February, 1872, made valid all contracts of femes covert for the purchase of sewing machines, therefore a married woman may, as part of such contract, give her judgment note. Admitting the assumption to be correct, as in fact it is, and we have no fault to find with the learned judge's conclusion. The act cited does give married women a general power to contract for sewing machines "for their own use" and does not limit the contract to any prescribed form, so that it may as well embrace a judgment note as any other species of obligation. But then as her power so to do depends exclusively on the act, and as that power is limited to the purchase of sewing machines for her own use, it is very clear that there is no warrant on the record before us for either the note or judgment.

A contract such as authorized by the statute nowhere appears, but, on the other hand, the note is for $30, without specifying for what it is given. As we have said, prima facie it is void. The question then is, Can the judgment be cured by collateral proof of consideration? We think not. We may say of the act of 1872 as was said of the act of 1848 in Mahon v. Gormley, 24 Pa. 80, a married woman is not thereby vested with the unlimited powers of a feme sole; the power is exceptional, hence the plaintiff must by his pleadings bring himself within the letter of the act or his case fails. So in Hugus and Hacke v. Dithridge Glass Co., 96 Pa. 160; Hecker v. Haak, 88 Pa. 238; Kuhns v. Turney, 87 Pa. 497, and in many other cases, we have held that in order to charge a married woman under the act of 1848, it must appear *from the record* that the debt charged is within the letter or spirit of some one of the exceptions of the act.

If such, then, is the case under the act of 1848, why should it not be so also under the act of 1872? This statute gives the married woman power to charge her separate estate by her individual contract in an exceptional case, that is, for sewing machines, and not even for them generally, but only for such as are for her own use. In the case in hand we have nothing of record but a common judgment note, which, if there be anything in the deliverances of this court, is on its face utterly void. How, then, are we to give life to this dead record? It is as worthless as so much blank paper, and we cannot see how

it is to be helped by collateral proof. A voidable judgment may be thus sustained, but not one that is void. Undoubtedly, had the plaintiff brought suit upon this note, it must have appeared by the pleadings that the case was within the act of 1872, otherwise a plea of coverture would have been fatal to it; and this, for the sufficient reason that at common law a married woman is not suable. But as prima facie a married woman cannot bind herself by a judgment note, how can it be made binding except it appear in the body of the note, or in the statement on which the judgment is entered, that it was given in the exceptional case authorized by the statute? We must conclude, therefore, that the court erred in not making the defendant's rule absolute.

Order reversed, and rule made absolute.