## M. H. Stevenson, Appellant, *v.* James Virtue.

*Judgment—Striking off judgment—Record.*

In determining the propriety of striking off a judgment the court may consider in connection with the record the undisputed facts presented by the parties, and if facts are admitted to be true which clearly establish that the court had no jurisdiction to enter the judgment, or that the judgment was erroneous as a matter of law, or that it was entered upon a void warrant of attorney, the judgment will be stricken off.

*Judgment—Opening judgment—Ejectment—Death of defendant.*

Where the defendant in an ejectment dies before he is required to appear, a judgment by default after his death will be stricken off at the instance of his widow and heirs, if there is no dispute about the facts. If there is a dispute about the facts the proper practice is to move to open the judgment.

Argued April 19, 1899. Appeal, No. 110, April T., 1899, by plaintiff, from order of C. P. Washington Co., Nov. T., 1896, No. 35, making absolute a rule to strike off judgment. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Rule to strike off judgment. Before the court in banc.

The facts are fully stated in the opinion of the court.

*Error assigned* was in making absolute a rule to strike off judgment.

*M. H. Stevenson*, with him *J. C. Ewing*, for appellant.—The judgment was not void: Warder v. Tainter, 4 Watts, 270, 278; Carr v. Townsend, 63 Pa. 203; Yaple v. Titus, 41 Pa. 195; Levan v. Millholland, 114 Pa. 49.

A judgment regular on its face can be stricken off only for fraud, illegality. or want of jurisdiction: Bredin v. Gilleland, 67 Pa. 37; King v. Brooks, 72 Pa. 363; O'Hara v. Baum, 82 Pa. 416; France v. Ruddiman, 126 Pa. 257; Knox v. Flack, 22 Pa. 337; Gordon v. Bartley, 4 W. N. C. 37; Baker v. Mfg. Co., 122 Pa. 363; Bank v. James, 152 Pa. 364; Phila. v. Jenkins, 162 Pa. 451; Swartz v. Morgan, 163 Pa. 195; Dikeman v. Butterfield, 135 Pa. 236; Adams v. Grey, 154 Pa. 258; Germantown Brewing Co. v. Booth, 162 Pa. 100; North v. Yorke, 174 Pa. 349; Hall v. Pub. Co., 180 Pa. 561; Heist v. Tobias, 182 Pa. 442; Stahr v. Brewer, 186 Pa. 623.

No book or appearance for appellees.

OPINION BY W. D. PORTER, J., March 21, 1900:

A summons in ejectment was issued returnable to the first Monday of November, 1896, and served on the defendant Sep-

tember 4, 1896. The defendant died on December 13, 1896, leaving to survive him a widow and heirs, who are the appellees in this proceeding. No appearance having been entered for the defendant at the second term, the record indicated that he had become in default on February 8, 1897, and on February 9, 1897, a judgment was entered against the defendant in default of an appearance. The widow and heirs of the defendant subsequently presented to the court their petition, setting forth the death of James Virtue on the date mentioned, the issuance of letters of administration to his widow, and that the petitioners were the persons next in interest to the said deceased defendant, and praying that they might be substituted in place of the deceased defendant, and that the judgment entered for default of an appearance be stricken off. A rule was granted on the plaintiff to show cause why the judgment against the defendant, James Virtue, should not be stricken off and the petitioners substituted as parties defendant. The plaintiff filed an answer to this rule, admitting that James Virtue had died prior to the entry of the judgment, as stated in the petition, but denying that the facts set forth in the petition were sufficient to authorize the court to strike off the judgment. The court, after argument, made an order substituting the petitioners as parties defendant and striking off the judgment entered on February 9, 1897, for the reason that the defendant had died on December 13, 1896. The making of this order was assigned for error.

The contention of the appellant is that the court below was without authority to strike off this judgment, for the reason that the record upon its face disclosed no irregularity. It may be conceded that the general rule is that a motion to strike off a judgment must be upon the ground of irregularity appearing upon the face of the record; it relies upon the legal rights of the party; while a motion to open a judgment is an appeal to the equitable power of the court to let the defendant into a defense. In the application of this rule, however, the court has not always confined the inquiry to what was strictly the record at the time the judgment was entered, and in determining the propriety of striking off judgments they have considered in connection with the record the undisputed facts presented by the parties, and if facts are admitted to be true which clearly establish that the court had no jurisdiction to enter the judgment, or

that the judgment was erroneous as matter of law, or that it was entered upon a void warrant of attorney, the judgment will be stricken off. In Martin v. Rex, 6 S. & R., 295, the record of the judgment was in all respects regular, but it was established that the warrant of attorney upon which the judgment was entered had already been fully executed in the entry of a judgment upon the same bond in another county. It was held that the judgment was not void, and if a sale had been made under it the purchaser from the sheriff would have had a good title, but that the entry of the judgment was clearly irregular, and the motion to strike off the judgment was sustained upon grounds not appearing in the record proper. In Baker v. The Singer Mfg. Co., 122 Pa. 363, the judgment which was entered upon warrant of attorney was in all respects regular. If the rule that a judgment regular upon its face cannot be stricken off was to be blindly enforced, this judgment would have stood, and being regular upon its face it could not have been reversed upon appeal. A petition was presented setting forth that the defendant was a married woman at the time she executed the note and the entry of judgment thereon, and prayed that the judgment be stricken from the record. The court below discharged this rule, which order was reversed by the Supreme Court and the judgment stricken from the record. In Bryn Mawr National Bank v. James, 152 Pa. 364, judgment was entered in default of an affidavit of defense. The defendant subsequently presented a petition, setting forth that the attorney who had accepted service of the writ for her had done so without authority. This, of course, was all outside of the record. The judgment was stricken off and the Supreme Court sustained this order, saying: "In this case the question of fact, as to the authority of the attorney, has been decided by the court below in favor of the defendant. We must presume it to have been correctly decided, in the absence of anything to show the contrary." In Knox v. Flack, 22 Pa. 337, the judgment was entered against a minor upon a warrant of attorney. The court below refused to set it aside, and in the Supreme Court it was argued that this judgment could not be reversed on error because the fact of infancy did not appear of record, but, in the opinion of the Supreme Court, it was held that the fact did appear in the proceedings ; that it was admitted in the

paper-book; that, if necessary, they could order an issue to the court below to try that fact, but that no issue was necessary. The Supreme Court struck off the judgment, although the fact of infancy appeared only in the petition to strike off the judgment filed by the defendant.

It therefore appears that the question to be determined in proceedings of this nature is not whether the judgment is void, but whether upon the undisputed facts the court was without authority to enter it. A judgment void upon its face may be attacked collaterally, but one which is only irregular and voidable can only be attacked in the same forum and in the same proceeding. A judgment against a defendant who is dead at the time of the entry thereof is not void and cannot be attacked in a collateral proceeding: Warder v. Tainter, 4 Watts, 270. But such a judgment is erroneous and reversible by the personal representatives or heirs of the deceased by a suitable proceeding commenced for that special purpose. In such a case, the judgment is reversible, in error, if the fact and time of death appear on the record, or in error coram nobis if the fact must be shown aliunde: Yaple v. Titus, 41 Pa. 195; Knox v. Flack 22 Pa. 337.

In the present case the judgment was clearly irregular but it was not void, and it bounds the lands of the appellees. They could not challenge the regularity of the judgment in a collateral proceeding, and being privies they had at their disposal the same remedies which a defendant has in an attack upon such an irregular judgment. The fact of the death of the defendant did not appear in the record, and the only way open for them to attack this judgment under our practice was a motion to set it aside or strike it off, which has supplanted the older practice of proceeding by audita querela, or error coram nobis: Davidson v. Thornton, 7 Pa. 128.

At common law this action would have abated upon the death of the defendant, but under the 3d section of the act of April 13, 1807, the writ was saved, and the plaintiff could have compelled the substitution as defendants of the parties next in interest: Darnes v. Welsh, 7 S. & R. 202. The law has thus marked out for plaintiff the manner in which he must proceed. The defendant having died before he was required to appear, he was not at the time of his death in default. The statute

which saved the writ from abatement did not warrant the entry of judgment in default of an appearance against a dead man, but designated the parties who were to be substituted in his stead.   The judgment entered was entirely irregular, but the record was upon its face free from error, and the petitioners had but one course to pursue, which was to present their petition to the court below, setting forth the facts and praying that the judgment be stricken off.   This they did.   The plaintiff answered, admitting the fact which established the irregularity of the judgment, and thereupon the court, very properly, made the order which is now assigned for error.   If the facts had been disputed the proper practice would have been to move to open the judgment: Sweigert v. Conrad, 12 Pa. Superior Ct. 108; Swartz v. Morgan, 163 Pa. 195.   The assignments of error are dismissed.

Judgment affirmed.