## Bruner v. Motz et ux.

*Married women—Promissory note—Security for husband's debt—Striking off judgment—Opening judgment—Practice, C. P.*

1. Where a married woman signs a judgment note immediately after the signature of her husband, and all parties in interest know at the time that she signed it as a surety for her husband, a judgment subsequently entered against her on the note will be stricken off.

2. Where there is no dispute as to the facts, a judgment may be stricken off on rule; and when the facts, showing the irregularity or invalidity of the judgment, are put upon record by the petition to strike off and are admitted or not denied on the other side, the jurisdiction to strike off may be exercised.

*Pleading—Set-off—Book account—Judgment—Statute of limitations.*

3. A book account cannot be set off against a judgment, and especially is this the case where the book account is barred by the statute of limitations.

Rule to open judgment. C. P. Union Co., May T., 1923, No. 30.

*Cloyd Steininger,* for rule; *C. C. Lesher,* contra.

POTTER, P. J., Aug. 10, 1923.—It seems that on June 14, 1909, the defendants executed their judgment exemption note under seal in the sum of $50 and delivered it to the plaintiff, it being given for money loaned by the plaintiff to C. D. Motz. This note was entered in the Court of Common Pleas of Union County as of No. 30, May Term, 1923, upon which judgment a *testatum fi. fa.* was issued, directed to the Sheriff of Centre County. On May 21, 1923, upon the petition of the defendants, a rule was granted upon the plaintiff to show cause why the said judgment should not be stricken off, so far as concerns Mertie E. Motz, and why it should not be opened, so far as concerns C. D. Motz, and he be let into a defence.

Without going into minute details in regard to the giving of this note, from the depositions taken on the rule we learn that C. D. Motz borrowed $50 from Susan Bruner, the plaintiff, and gave her his said note, signed by himself and by Mertie E. Motz, who is his wife, he signing it on the first line and she signing on the second line. That Mertie E. Motz was married to and was the lawful wife of C. D. Motz when they both signed the said note, and that both of them are living at the present time. That the plaintiff knew C. D. Motz and Mertie E. Motz were husband and wife when she loaned him the money,

VOL. 4—5

and that she said if he would get Mertie E. Motz to sign the note, she would loan him the money. This is testified to by the plaintiff and by Benjamin F. Cohen, with whom the plaintiff resided. C. D. Motz and Mertie E. Motz testified that she signed only as bail, and that she never received a penny of the money, but that her husband received all of it.

It was understood and well known by all parties concerned that Mertie E. Motz signed the note as bail and that she never received a penny of the money for which it was given. On this account we are asked to strike from the record the judgment, so far as it relates to Mertie E. Motz. This is opposed by counsel for the plaintiff, the claim being set up that we cannot strike off the judgment except for some irregularity or invalidity appearing on the record. Mertie E. Motz, having been a married woman when she signed this note, is not bound by it. It is admitted by all parties concerned that she was a married woman when she signed the note, and that they all knew it at that time, and that she signed as bail. There is no dispute about this. If the judgment was opened and she was let into a defence, if these same facts appeared on the trial of the case, it would be the duty of the court to direct a verdict in her favor. That being true, we can see no reason why the time should be consumed and the expense of a trial made when the same end may be reached by striking off the judgment relative to her only on this rule.

When there is no dispute as to the facts, a judgment may be stricken off on rule. And when the facts showing the irregularity or invalidity of the judgment are put upon the record by the petition to strike off, and are admitted or not denied on the other side, the jurisdiction to strike off may be exercised: Kunkle v. Schroeder, 19 Dist. R. 789; Miller v. Neidzielska, 176 Pa. 409; Stevenson v. Virtue, 13 Pa. Superior Ct. 103; Real Estate Investment Co. v. Roop, 132 Pa. 496; Baker v. The Singer Manuf. Co., 122 Pa. 363, the last of which is a counterpart of the case at bar.

We are free to say that was there any dispute about this question, we would then only open the judgment and let Mertie E. Motz into a defence. These two classes of cases are to be distinguished in this manner. We think, therefore, that, so far as relates to Mertie E. Motz, the judgment must be stricken off.

As to C. D. Motz, the rule is to open the judgment and let him into a defence. He sets up a counter-claim, amounting to the sum of $172.05, as a set-off against this note. The testimony, however, develops the fact that this said sum of $172.05, if owing to him at all, is owing to him by Benjamin F. Cohen, and that the plaintiff had nothing to do with the dealings creating this said alleged debt, or this defendant is attempting to bring in a common book account which Benjamin F. Cohen owes him as a set-off against the judgment of the plaintiff. This is absurd and cannot be done, and on this account the judgment cannot be opened.

A second reason why this judgment cannot be opened is that a book account cannot be set off against a judgment. This is horn-book law and requires no citations of authorities to support it.

A third reason why this judgment cannot be opened is because the book account is tolled by the statute of limitations, all the transactions going to make up this alleged account having taken place before the year 1913.

And now, to wit, Aug. 10, 1923, as regards Mertie E. Motz, the rule is made absolute and the judgment is stricken off. As regards C. D. Motz, the rule is discharged, the stay of the execution is vacated, and the fi. fa. is reinstated as it was before the allowance of the rule to show cause.

From Charles P. Ulrich, Selins Grove, Pa.