186  623,
190  342

## George F. Stahr, Appellant, *v.* Catharine Ann Brewer.

*Married women—Confession of judgment—Presumption—Evidence.*

A judgment confessed by a married woman is now presumably valid; and if she claims the protection of her condition of marriage, she must show affirmatively, not only the fact of marriage, but also the presence of those circumstances which relieve her from liability.

*Married women—Judgment—Striking off judgment.*

A judgment against a married woman can only be stricken off for defects appearing on the record. Such a judgment cannot be stricken off on the ground that there are no disputed questions as to the defendant's liability to be submitted to a jury.

*Married women—Liability for debts of husband—Province of jury.*

The question of a married woman's liability on a judgment should be

submitted to a jury where the defendant alleges that the judgments were given to secure her husband's debt, but the proof shows that the husband, with his wife's general knowledge, conducted a business of buying, selling and improving real estate, taking the properties in his wife's name, but without any money being contributed by her; that she did not have knowledge of the details of the business, but that whenever her name was wanted to be used in any of the transactions, she gave it willingly, upon his mere request.

Argued March 7, 1898. Appeal, No. 405, Jan. T., 1897, by plaintiff, from order of C. P. Northampton Co., No. 145, Feb. T., 1895, making absolute a rule to strike off judgment. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Rule to strike off judgment.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in making absolute a rule to strike off judgment.

*George Rodney Booth*, for appellant.—A judgment against a married woman is now presumably valid: Abell v. Chaffee, 154 Pa. 254; Karns v. Moore, 5 Pa. Superior Ct. 381; Nuding v. Urich, 169 Pa. 293; Bank v. Bradshaw, 178 Pa. 180; Stephan v. Hudock, 4 Pa. Superior Ct. 474.

This judgment must stand unless it be established that the defendant by giving it became a surety. This has not been found as a fact. There is no evidence to base such a finding upon. On the contrary, it does appear that a legal consideration moved to the defendant from the plaintiff in the latter's refraining from filing a mechanic's claim; that she was under a moral obligation to pay, even if the debt was purely her husband's by reason of his method of taking title to the property in defendant's name, and the intention that she should pay: Harrisburg Nat. Bank v. Bradshaw, 178 Pa. 180.

An application to vacate and set aside (strike off) a judgment can be maintained only on the ground of defects apparent on the face of the record: Althouse v. Hunsberger, 6 Pa. Superior Ct. 160; France v. Ruddiman, 126 Pa. 257.

*Harry C. Cope*, for appellee.—The judgment was a security for the husband's debt, and therefore not binding on the wife:

Real Est. Co. v. Roop, 132 Pa. 503; Patrick & Co. v. Smith, 165 Pa. 528; Kuhn v. Ogilvie, 178 Pa. 307; Harrisburg Nat. Bank v. Bradshaw, 178 Pa. 184; Harris v. Reinhard, 165 Pa. 36; Friend v. Lamb, 152 Pa. 529; Harley v. Leonard, 4 Pa. Superior Ct. 431; Dennis v. Grove, 4 Pa. Superior Ct. 483; Harrar v. Croney, 2 Dist. Rep. 375.

Even if Mrs. Brewer had known of the receipt at the time the giving of the judgment note it would not, without some express agreement to that effect, have operated as an absolute payment of the debt: Hunter v. Moul, 98 Pa. 13; Shepherd v. Busch, 154 Pa. 149; League v. Waring & Co., 85 Pa. 244; Holmes v. Briggs, 131 Pa. 240.

One seeking to charge another through an agent must not only establish the fact of agency, but also the extent of it: Moore v. Patterson, 28 Pa. 512; Am. Life Ins. & T. Co. v. Shultz, 82 Pa. 51; Rice v. Jackson, 171 Pa. 90; Himes v. Herr, 3 Pa. Superior Ct. 128; Langenheim v. Anschutz-Bradberry Co., 2 Pa. Superior Ct. 285.

OPINION BY MR. JUSTICE GREEN, July 21, 1898 :

The judgment note on which judgment was entered in this case was signed by the defendant alone, and the instrument was one which she could lawfully make, and upon which she could subject herself to liability. There was no irregularity or want of formality about it. The fact that she was a married woman does not appear on the record, and even if it did, the marriage is no longer, in itself alone, a disqualifying circumstance. We have decided that a judgment confessed by a married woman is now presumably valid: Abell v. Chaffee, 154 Pa. 254; Nuding v. Urich, 169 Pa. 293; Bank v. Bradshaw, 178 Pa. 180. That being so, it devolves upon such a person, claiming the protection of her condition of marriage, to show affirmatively, not only the fact of marriage, but the presence also of those circumstances which relieve her from liability. This is what was sought to be done in the present case. The defendant applied by petition to the court below setting forth that she was a married woman at the time of the signing of the judgment note upon which the judgment was entered, and that she did so at the solicitation of her husband, to secure the payment of a debt which he owed to the plaintiff. The petition

also averred that the defendant received no consideration for
the judgment. The plaintiff filed an answer to the petition in
which he alleged that the defendant received full consideration
for the judgment note for the reason that it was given in pay-
ment for materials furnished by him for the erection of build-
ings upon her separate real estate, and the answer denied that
the judgment note had been given to secure the payment of a
debt due by the husband of the defendant. The answer further
averred that the defendant's husband had been insolvent for a
number of years, and owned no property real or personal, but
that he had during all that time carried on the business of
building and contracting, with defendant's capital, and on her
credit, she being the owner of valuable real estate upon which
several buildings were being erected during the time the said
debt was contracted, and that the judgment note in question
was given for the balance due on the account at the time a
final settlement was made thereof. The learned court below
at first discharged the rule to open the judgment on the ground
that as a receipt had been given for the judgment in payment
for the debt, and it was competent for a wife to give a mort-
gage or a judgment in payment of her husband's debt, the
giving of the judgment note was a competent act on the part
of the wife, and she was liable on the judgment. Thereupon
the wife filed a second petition asking for a rehearing on the
ground that she was not a party to the receipt and had no
knowledge of it until after her husband's death. To this peti-
tion the plaintiff filed an answer alleging that the judgment
note was given in payment, and not as security for the hus-
band's debt; that the defendant had knowledge of the debt of
her husband to the plaintiff; that the receipted bill was before
the parties when the judgment note was given, and that the
note was given with knowledge on her part that her husband
owed the plaintiff the debt for the payment of which it was
given. A large amount of testimony was taken by depositions,
which tended to show that the defendant's husband was carry-
ing on business on his own account, and simply using his wife's
name to protect the property from the payment of his own
debts. The court below, thinking that the testimony showed
that the wife had no knowledge of the receipt, and not being a
party to it, was not bound by it, and that there was not suffi-

cient testimony to show that her husband was acting as her agent in his various transactions, made the rule absolute to open the judgment, and intimated that had there been an application to vacate the judgment, that course would have been adopted. In consequence of this intimation the defendant filed a third petition asking that the judgment be vacated and stricken from the record, on the ground that there were no disputed questions to try. To this an answer was filed claiming a jury trial on the disputed facts in the case, but the court made the rule to vacate the judgment and strike it from the record, absolute.

We think the judgment could not be stricken from the record as we have decided that this can only be done for defects appearing on the record : France v. Ruddiman, 126 Pa. 257.

An examination of the testimony does not convince us that there are no disputed questions of fact sufficient to carry the case to a jury. The defendant admits, with striking candor, that she had no knowledge of her husband's transactions in detail, but that he used her name in buying, selling and incumbering the properties he bought; that she never received or furnished any money whatever in any of his operations, but that she did have full knowledge that he was using her name in all of them. In the course of these dealings a number of pieces of real estate were purchased, the deeds being made to her, but without any knowledge on her part as to what was the consideration, and without her paying a single cent of the purchase money, a considerable number of buildings were erected, sales were made, mortgages were given for money borrowed without her receiving any part of the money, and the entire business was conducted by her husband without any knowledge on her part of any of its details. Whenever her name was wanted to be used in any of the transactions she gave it willingly upon his mere request. She admits that she had full knowledge of this mode of conducting the business, and she constantly described it in her testimony as his business, and not hers. She expressly testifies that her husband built the six houses that were put up on land held in her name; that he bought all the materials, and employed all the workmen ; that he bought no land except what was taken in her name ; that she furnished no money for the erection of the buildings ; that she was living

in one of the houses that was built in this way upon land held in her name, and that her husband told her that the judgment now in question was given to the plaintiff to secure him for a debt he owed him.

We do not think that it can fairly be said of such testimony as this that it raises no questions of fact to be submitted to a jury respecting the debt in question. Without discussing it now, for obvious reasons, it seems to us that it does raise, not merely the question of agency for the wife, if the transactions are to be regarded as legally hers, but also the question whether she received full consideration for the judgment, and the still more important question, whether the whole business was not a mere contrivance to use his wife's name, not because the properties were really hers, but in order to shield them from the claims of his own creditors. As it was all done with her full knowledge and consent, she could not escape liability for the mere reason that her name was used, when she admits over and over again that she never furnished any money whatever, either in paying for any of the land bought, or for any of the materials purchased, or labor employed in erecting the various buildings that were placed upon the land held in her name. Without considering any further the numerous matters of detail which readily appear on the surface of such transactions, we are of opinion that they should be heard and decided by a jury, and we therefore conclude that the order vacating and striking off the judgment must be reversed and that the rule to open the judgment and let the defendant into a defense should be sustained.

The order to vacate and strike off the judgment is reversed and the rule to open the judgment is made absolute, and the record is remitted for further proceedings.