## Henry Sweigart, Appellant, *v.* Catharine Conrad.

*Jurisdiction, C. P.—Motion to strike off judgment.*

The courts are held to a strict scrutiny of the record alone on motions to strike off judgments, and they may not go beyond the record in reaching a decision.

*Married woman—Judgment note—Practice, C. P.—Motion to open judgment.*

It is not the present practice to strike off a judgment against a woman upon disclosure of coverture by depositions.

Where a judgment regular on its face has been entered up the allegation that the note in question was given by a married woman before the Act of 1887 cannot be raised on a motion to strike off, but should be made the subject of a motion to open the judgment when the question of ratification or re-creation of the debt might be inquired into.

Argued Nov. 14, 1899. Appeal, No. 167, Oct. T., 1899, by plaintiff, from order of C. P. Lancaster Co., Execution Docket, Jan. T., 1899, No. 21, making absolute rule to show cause why fi. fa. should not be set aside and judgment stricken off. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by W. W. PORTER, J.

Rule to show cause why writ of fi. fa. should not be set aside and judgment stricken off. Before LIVINGSTON, P. J.

It appears from the record that a judgment note signed by John Conrad and Catharine Conrad, dated March 30, 1882, for $50.00, upon which interest had been paid from time to time, was entered up by leave of court against Catharine Conrad, John Conrad having died. There was evidence taken on the rule to strike off the judgment which disclosed that at the

time of the execution of the judgment note Catharine Conrad was a married woman. There was evidence disclosed by the depositions tending to show that defendant after she became discovert and sui juris acknowledged the note, approved and ratified the same, and promised to pay the same unconditionally.

The court made the rule absolute, set aside the fi. fa. and ordered judgment to be stricken off. Plaintiff appealed.

*Errors assigned* among others were (1) in making absolute rule to set aside the fi. fa. and satisfy the judgment. (4) In entirely ignoring and not applying plaintiff's evidence, that after defendant became discovert and sui juris she paid on the note, acknowledged that the note was her note, approved and ratified the same, and promised to pay the same unconditionally.

*W. R. Wilson,* for appellant.—Upon its face the judgment in question is perfectly regular and valid. There was nothing in the record even to indicate that the defendant was a married woman. That fact was disclosed by the testimony taken on the rule to open, . . . . and quotes the Supreme Court's rulings, in O'Hara v. Baum, 82 Pa. 416, that a motion to set aside a judgment or strike off a judgment must be on the ground of irregularity appearing on the face of the record. A motion to open is an appeal to the equitable powers of the court to let the defendant into a defense. See, also, Germantown Brewing Co. v. Boot, 162 Pa. 100, same point.

North & Co. v. Yorke, 174 Pa. 349, was a case in which the Supreme Court reinstated a judgment against a married woman, which was regular on its face, which had been stricken off by the court below: Hall v. West Chester Publishing Co., 180 Pa. 561.

The decisions on the validity of her promise and acts, after she becomes discovert and sui juris of transactions, and promises which, at the time they were made, did not bind her, are abundant, such as Hemphill v. McClimans, 24 Pa. 367, Kelly v. Eby, 141 Pa. 176, Brown v. Bennet, 75 Pa. 420, Trout v. McDonald, 83 Pa. 144, and Brooks v. Merchants' Bank, 125 Pa. 394.

Even a married woman's judgment is now presumably valid: Stephan v. Hudock, 4 Pa. Superior Ct. 474.

*A. J. Eberly*, for appellee.—This case must be considered and decided as of the time when the said note was made (alleged to have been signed), on March 30, 1882, by the appellee.

Of course, a judgment entered upon it was a nullity, as against her, for she could give no authority to enter it. Whenever, therefore, such a judgment has been entered, the courts have uniformly, on motion, ordered it be stricken off from the record: Read v. Jewson, cited in Caudel v. Shaw, 4 T. R. 361; Dorrance v. Scott, 3 Whart. 309; Caldwell v. Walters, 18 Pa. 79.

Nor does the Act of April 11, 1848, P. L. 536, remove the wife's disability resulting from the marriage relation to enter into such a contract.

A married woman cannot be made liable for necessaries on proof of a joint contract by husband and wife, nor by her subsequent promise to pay. A subsequent promise to pay for necessaries procured by the husband, for which he alone is liable, is not within the intention of the law; it would be but a promise to pay the debt of another, and therefore nudum pactum. The essence of her liability under the act for necessaries is, that the creditor furnishes them on her credit: Berger v. Clark, 79 Pa. 340.

OPINION BY WILLIAM W. PORTER, J., December 11, 1899:

The note in this case was given May 30, 1882, by John Conrad and Catharine Conrad. On April 1, 1888, John Conrad died. On December 6, 1898, the judgment note was entered up by leave of court on petition,—the petition being silent as to the fact of Catharine Conrad being married at the time of the execution of the note. It will thus be seen that the note was given before the Act of June 3, 1887, P. L. 332, and became a judgment against the present defendant after the date of that act.

It is contended that the note upon which the judgment was entered was that of a married woman, and that both the note and the judgment were therefore void. The record on its face does not show the defendant to be a married woman. In the case of a rule to strike off a judgment, the court cannot look beyond the record in reaching its decision. Before the act of 1887, and for a time thereafter, the practice was to strike off a

confessed judgment against a married woman when the fact of coverture was disclosed by the depositions. This course was followed by the Supreme Court as late as the case of Investment Co. v. Roop, 132 Pa. 496. The law is not so now: Stahr v. Brewer, 186 Pa. 623; Adams v. Grey, 154 Pa. 258.

The note in this case having been given before the act of 1887, it and the judgment entered upon it were prima facie void if the defendant was a married woman. To ascertain this fact, however, the court was forced to consider the depositions taken under the rule and thus to travel beyond that which, in strictness, was the record: France v. Ruddiman, 126 Pa. 257. If an examination of the testimony was warranted the court might have gone further and seen that there was some evidence of a promise on the part of the defendant after she became discovert to pay the note; that she made some payments on account of it, and permitted credits to be indorsed upon it. If the debt was originally that of the defendant's husband which she agreed to pay, or her own (though uninforceable), in either case the moral obligation to pay would be a consideration to support a ratification or re-creation of the debt after the coverture ceased: Geiselbrecht v. Geiselbrecht, 8 Pa. Superior Ct. 183, and cases there cited.

These are matters which involve an examination of the testimony taken which may not be considered on a rule to strike off. It seems to us that they are no more to be excluded than the testimony relating to coverture. The latter voids the debt, but the former may be sufficient to support it. To what extent the testimony presented by the parties might influence the court on a rule to open we do not undertake to say.

The trend of the decisions is so clearly in the direction of holding the courts strictly to a scrutiny of the record alone on motions to strike off that we are led to the conclusion that the court erred in this case in making the rule absolute on facts which could only have been ascertained by him from the testimony.

The order is reversed without prejudice to the right of the defendant to move to open the judgment.