# Humphreys v. Logan, Appellant.

*Married women—Wife surety for her husband—Judgments—Opening of judgments—Presumptions—Act of June 3, 1887, P. L. 332.*

1. A judgment note executed by a married woman after the Act of June 3, 1887, P. L. 332, is presumably a valid obligation and the burden of showing its invalidity is upon the obligor of the note.

2. On a rule to open a confessed judgment entered against a married woman on a judgment note executed by the petitioner and her husband, where the petitioner alleged that she had signed the note as surety for her husband, an order discharging the rule will be affirmed, where it appears that the judgment has been of record twenty-two years, had been four times revived before the petition for the rule to open the judgment was presented, and that the money which the note was given to secure was used by the petitioner and her husband for the improvement of their real estate, the title to which they held as tenants by the entireties.

Argued October 8, 1913. Appeal, No. 60, Oct. T., 1913, by petitioner, from order of C. P. Jefferson Co., April T., 1910, No. 158, discharging petitioner's rule to open judgment in case of Robert Humphreys v. Andrew Logan and Rosa S. Logan. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Rule to open judgment. Before REED, P. J.
The facts appear by the opinion of the Supreme Court.
The court discharged the rule. Petitioners appealed.

*Error assigned,* among others, was in discharging rule.

*W. C. Pentz,* with him *Edward A. Carmalt* and *Nathan L. Strong,* for appellant.

*A. L. Cole,* with him *B. B. Benscoter,* for appellee.

PER CURIAM, November 8, 1913:

This appeal is from an order discharging a rule to open a confessed judgment entered against a married woman on the allegation that the petitioner was surety for her husband. The judgment had been of record twenty-two years and had been four times revived before the petition for a rule to open was presented. On the hearing it was found that the money borrowed of the plaintiff was used by the husband and wife for the improvement of their real estate, the title to which they held by entireties. Upon a rehearing the court saw no sufficient reason to change this finding. The judgment note was executed after the Act of June 3, 1887, P. L. 332, and was presumably a valid obligation of the petitioner: Abell v. Chaffee, 154 Pa. 254. The burden of showing its invalidity was upon her. We find no error in the conclusion reached by the court, and the order is affirmed.