# Morris *v.* Duers and Duers, Appellants.

*Judgments—Judgment note—Husband and wife—Guarantor—Evidence—Directed verdict.*

In the trial of an issue, framed on a rule to open a judgment entered on a warrant of attorney, signed by husband and wife, the latter defended on the ground that she was the surety for her husband. The evidence disclosed that the note was given in an attempt on the part of the defendants to finance the purchase of property, which had been held jointly by them as husband and wife and which was about to be sold at sheriff's sale.

Under such circumstances, the lower court did not err in holding that the force of the judgment was not overcome and in directing a verdict for the plaintiff.

In entering the obligation the wife did not assume as surety or

guarantor the indebtedness of her husband, but signed the note as maker to conserve her own interest and to accomplish a purpose of her own. The fact that she was directly interested for her own purpose in the transaction is the determining factor.

Argued October 15, 1926. Appeal No. 179, October T., 1926, by defendants from judgment of C. P. No. 1, Philadelphia County, September T., 1924, No. 7009, in the case of Louis M. Morris, Sr., v. William M. Duers and Mabel E. Duers. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Assumpsit on a judgment note. Before BARTLETT, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for the plaintiff. Defendants appealed.

*Error assigned* was the directed verdict.

*Samuel Melnick,* for appellant.—The note lacked consideration: Grubb v. Cottrell, 62 Pa. 23; Clarkson v. Thom, 2 Pa. 491; Danner v. Hess, 19 Pa. Superior Ct. 182; Hildeburn v. Curran, 65 Pa. 59.

*A. S. Ashbridge, Jr.,* for appellee, cited: Backstrom v. Kaufmann Dept. Stores, 266 Pa. 489; Wiles v. Emerson Brantingham Co., 267 Pa. 47; Reed, Adm., v. Directors General of Railroads, 267 Pa. 86; Keinath v. Bullock, 267 Pa. 590; Donnelly v. Public Service Commission et al., 268 Pa. 345; Piper v. Adams Express Co., 270 Pa. 54; Wolf v. Sweeney, 270 Pa. 97.

OPINION BY TREXLER, J., March 3, 1927:

William M. Duers, the husband of Mabel E. Duers, applied to Louis M. Morris, Sr., the plaintiff "for loan on bond and mortgage; Mabel E. & Wm. Duers."

The application, which contained the agreement to pay the commission and expenses, was signed by Wm. M. Duers alone. Arrangements for the necessary loans were made by the plaintiff; and Duers and his wife met the plaintiff at the Land Title & Trust Co. Building. It then transpired that after the sums arranged for were paid, there was still the amount of $700.00 required. Morris advanced the same and a judgment note under seal was given by Duers and his wife for $1000.00, which was to cover the commissions for procuring the loan and the cash advanced. Judgment was entered thereon. Subsequently, upon petition of Wm. Duers, the judgment was opened and upon issue joined, Mrs. Duers denied liability alleging that there was no consideration for her signing the note and that she was merely surety for her husband.

At the trial, the plaintiff offered the judgment note and rested. The defendants did not testify, but they called the plaintiff as for cross-examination. The following facts appeared. Mrs. Duers had an interest in the property. In reply to the question whether she knew what she was negotiating about, she said, "Yes, it was for financing our property at 2337 West Clearfield Street." The property had been held jointly by them as man and wife and "went to a sheriff's sale," and the proceedings leading up to the giving of the note were an attempt on their part to secure title to it.

Under these uncontradicted facts, the lower court was right in holding that the force of the judgment note was not overcome and in directing a verdict for the plaintiff. There was a consideration for the note, for the wife was as much interested in the matter as her husband. The benefits of the transaction were for her equally with the husband. True, it is, that the application was made by him and standing alone she was not bound by it, but when she availed herself of its provisions with knowledge of its purpose, she adopted

it and became liable for the services performed by the plaintiff on her behalf and so acknowledged by her and the judgment note she signed was a binding obligation. In entering the obligation, she was not assuming, as surety or guarantor, the indebtedness of her husband, but was signing it as maker to conserve her own interest and to accomplish a purpose of her own. The fact that she was directly interested for her own purpose in the transaction is the determining factor. See, Newhall v. Arnett, 279 Pa. 317.

The assignments of error are overruled. The judgment is affirmed.