Kaufman *v.* Lehman et al., Appellant.

Argued December 13, 1927.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Albert T. Hanby,* and with him, *Frank Bechtel, Jr.,* for appellant.

*J. Joseph Stratton,* for appellee.

Opinion by Porter, P. J., July 12, 1928:

This judgment against the defendants was entered by confession, under warrant of attorney contained in a note, which was signed by each of the defendants, who were husband and wife. The wife presented a petition to have the judgment opened as to her, upon the alleged ground that she had signed the note as surety for her husband, whereupon the court granted a rule on plaintiff to show cause why the judgment should not be opened, as to the wife, which rule it subsequently made absolute. The trial which followed resulted in a verdict and judgment in favor of the plaintiff, from which we have this appeal.

The first and second assignments of error refer to the refusal of the court to enter judgment in favor of the appellant notwithstanding the verdict. The evidence established that the loan was made by the plain-

tiff on May 7, 1925, upon the security of the note here involved and judgment was on the same day entered by confession upon the note. The note was presumably a valid obligation of the appellant and the burden of showing its invalidity was upon her. The appellant testified at the trial that she had signed the note upon the request of her husband; that she had no negotiations with Kaufman, the plaintiff, and that she had signed the note upon the request of her husband, because he said he could not get the money without her signature; that the negotiations had been conducted by her husband and that she never saw a cent of the money. Upon cross-examination she testified that the house in which she and her husband lived was, at the time of the loan, and still is, held by them as tenants by entireties. When asked whether she did not know that the property was subject to two mortgages, she answered that she did not, but when the question was further pressed she admitted that she knew that there was a first mortgage and a building and loan mortgage. She was then asked if she did not know that the building and loan dues were in arrears at the time her husband got this money from the plaintiff, which question she answered: "A. I do not. I don't know any of Mr. Lehman's business. I never saw the building and loan book or anything pertaining to the house." She was then asked: "Q. Your husband then managed the property on your behalf and on his own behalf, didn't he? A. He manages everything." The plaintiff called as a witness Herman Lieberman, who testified that he had assisted the husband of the appellant in securing this loan of money by Kaufman, and that, in July, 1925, he had had a conversation with this appellant in which she said: "I want to thank you very much for helping us out with that loan. If you hadn't done so we would have lost our property." The court overruled an objection to the admission of this testimony, which ruling is the

foundation of the third assignment of error, and the fourth assignment is based on the refusal of the court to strike out that testimony. These assignments must be overruled. It was entirely competent for the plaintiff to show that the money loaned had been used for the protection of the property which the husband and wife owned as tenants by entirety. The admissions of the appellant, against her interests, as to how the money obtained by the loan had been used, were clearly admissible. This testimony of Lieberman, taken in connection with the testimony of the appellant, as to the manner in which she permitted her husband to take care of and manage the property which they held as tenants by entireties, was sufficient to warrant a finding by the jury that the money borrowed from Kaufman had been used in taking care of the loans upon the property and had thus prevented the loss of the property which was owned by this appellant as well as her husband. The case was for the jury and the court did not err in refusing to enter judgment in favor of the defendant notwithstanding the verdict: Stahr v. Brewer, 186 Pa. 623; Humphreys v. Logan, 242 Pa. 427; Yeany, to use of National Bank, v. Shannon, 256 Pa. 135; Morris v. Duers, 90 Pa. Superior Ct. 285. We are not convinced that the appellant has any just cause of complaint of the manner in which the question was submitted, by the court below, to the jury. All the assignments of error are overruled.

The judgment is affirmed.