From J. N. Keller, Mifflintown, Pa.

## Le Goullon et ux. v. Green et ux.

R. E. *McCreary*, for plaintiffs; S. P. *McConnel*, for defendants.

READER, P. J., October 31, 1930.—In the above-entitled case judgment was entered on May 29, 1930, by virtue of the warrant of attorney contained in a lease from the plaintiffs, F. A. Le Goullon and Mrs. F. A. Le Goullon, to the defendants, H. M. Green and Mrs. H. M. Green. Judgment was confessed for a balance of rental alleged to be due under said lease and an attorney's commission, an affidavit of default having been filed with the confession of judgment. On the same day a writ of execution was issued upon said judgment.

On June 4, 1930, a petition was presented by Floe Green, praying that the said judgment be opened as to her. In the petition she avers that she is the wife of H. M. Green and that she signed the lease upon which the judgment was entered, signing the same as Mrs. H. M. Green. She avers that she signed the lease for the accommodation of her husband and not for her own benefit or advantage and that she received no consideration for the signing of said lease or the rental of said premises.

An answer was filed to the rule issued upon the petition above referred to. The substance of the answer is that the lease was made by the plaintiffs in this case to the defendants as tenants by the entirety and that by reason thereof the said Floe Green did not sign the said lease for the accommodation of her husband, or as surety for him, but in her own right as a party to the lease creating the estate by the entirety.

Depositions were taken in support of the rule as well as in support of the answer. Mrs. Green testified that she did not receive any money or property for signing the lease in question. She said that her husband told her that they could not get the lease if they did not both sign it, but she did not want to sign it. She said she cried and asked if she would have to sign it and he told her she would. She testified that part of the premises leased from the plaintiffs was occupied by the husband as a barber; the remainder of the storeroom was leased by her and her husband to A. W. Atkinson and A. E. Hare. It seems that the rent received from these subtenants was generally applied in paying the rent to the plaintiffs on the original lease. Generally, it seems, Mr. Green collected the rent from the subtenants and paid the rent to Le Goullon. Mrs. Green and Mr. Green, who also testified, identified the lease marked "Exhibit A" as the lease executed by both of them to A. W. Atkinson and A. E. Hare for part of the premises which had been leased by the Greens from Mr. and Mrs. Le Goullon. It seems from the evidence that the subtenants, Atkinson and Hare, conducted an electric shop in the part of the premises leased to them. Mrs. Green testified that on one occasion, at least, she talked to Mrs. Atkinson and reminded her of the fact that they were in arrears on their lease for the part of the premises referred to. The evidence of Mr. and Mrs. Green is that Mrs. Green had no interest in the barber shop or the business carried on there by Mr. Green.

Mr. F. A. Le Goullon testified that Mr. Green came to him with reference to the renting of the property and that he told him it was for rent and that he would rent it to him and his wife, but not to him alone. He further testified that Green asked him whether, in the event of the making of such a lease and in the further event of his dying, his wife would be able to hold the lease, and Le Goullon replied that so far as he knew she would. Mr. Green stated in his cross-examination that he did not recall any such conversation.

Mr. Atkinson, one of the subtenants, testified that on one occasion Mrs. Green, in talking to his wife over the telephone, which conversation he heard, called the attention of Mrs. Atkinson to the fact that they were in arrears on their rent due to the Greens. Mr. Atkinson testified that when he and Hare rented from the Greens nothing was said by him by way of requiring that Mrs. Green sign the lease with her husband, but that she voluntarily signed it without anything being said.

Mrs. Le Goullon testified that on one occasion after the lease in suit was executed she called Mrs. Green and reminded her that the rent was in arrears and that Mrs. Green replied that she would see that they got some money. Mrs. Le Goullon testified that Mrs. Green did not at any time deny liability on her part for the rent.

The foregoing is the substance of the evidence presented by the depositions. The only question in the case is as to whether or not Mrs. Floe Green, the petitioner, signed the lease with the plaintiffs containing the warrant of attorney upon which the judgment was entered as surety or accommodation maker for her husband. This is the only ground upon which she asked that the judgment be opened as to her.

On its face, the lease upon which judgment was entered purports to be a lease made by the plaintiffs to Mr. and Mrs. Green. Its effect would be to create an estate by the entirety in Mr. and Mrs. Green. Under the law as it is now settled, the contract is presumed to be valid as to the wife as well as to the husband. The burden is upon the wife, in this proceeding, to show that as to her the contract was not a valid one and, therefore, the judgment is not valid as against her: Bartholomew v. Allentown National Bank, 260 Pa. 509; Yeany, to use, v. Shannon, 256 Pa. 135; Humphreys v. Logan, 242 Pa. 427; Morris v. Duers and Duers, 90 Pa. Superior Ct. 285; Kaufman v. Lehman, 94 Pa. Superior Ct. 306.

The petitioner, Mrs. Green, claims to be relieved of liability on the instrument upon which this judgment was entered by reason of the provisions of section two of the Act of June 8, 1893, P. L. 344. This section of the act, after conferring generally upon a married woman power to contract, limits the power by the following language: "But she may not become accommodation endorser, maker, guarantor or surety for another. . . ." In construing this language of the act the courts have restricted its operation to technical contracts of endorsements, guaranty or suretyship. Referring to this language, the court said in the case of Bartholomew v. Allentown National Bank, *supra* (p. 513):

"That act is an enabling act, and is not to be construed as narrowing a married woman's contractual capacity, except where the intent to do so expressly appears. The provision in which such intent is claimed to be found, is in section second, which after authorizing her to make any contract in furtherance of the general power granted in the preceding section, enacts 'but she may not become accommodation endorser, maker, guarantor or surety for another.' This has been held to apply only to the technical contract of endorsement, guaranty or suretyship included in the words of the act, Dusenberry v. Ins. Co., 188 Pa. 454, though it will be held to cover a manifest device to evade the prohibition, such as was before the court in Patrick v. Smith, 165 Pa. 526."

The case from which we have just quoted discusses and distinguishes the cases of Patrick v. Smith, 165 Pa. 526, Dusenberry v. Insurance Co., 188 Pa. 454, and Stewart v. Stewart, 207 Pa. 59. These cases are cited and relied upon by the petitioner in the instant case. We think the discussion of them in the case first above quoted clearly distinguishes them from the instant case and shows that they are inapplicable to the state of facts we have before us.

The only other case cited by petitioner is that of Newhall v. Arnett, 279 Pa. 317. In this case the husband of the defendant was a member of a partnership carrying on a brokerage business. The partnership was dissolved and at that time Arnett, who retired, owed the firm $9000. To secure this his wife, the defendant, gave her note to the remaining partners in the sum of $9000. It clearly appeared that the wife never had any interest in the partnership business and received no independent consideration for the note. There could be no question under the facts that she was a purely accommodation maker of the note. We think, however, that this case is also inapplicable to the instant case.

In the case of Yeany, to use of Gold Standard National Bank of Marienville, Pa., v. Shannon, 256 Pa. 135, Mrs. Shannon gave a note to a certain bank upon which she obtained the money. She allowed this money to be used by her husband for certain purposes of his own. This note was renewed and later taken up by another note and finally was paid off out of the proceeds of a note given by Mrs. Shannon to the plaintiff bank, which note was endorsed and guaranteed by her brother, P. M. Yeany, the legal plaintiff. Upon this

last note, which was a judgment note, judgment was entered against Mrs. Shannon. Her petition to open this judgment was dismissed and the action of the court below was sustained by the Supreme Court. In its opinion, the Supreme Court stated the law in the following language (p. 138):

" 'The provision in the Act of June 8, 1893, P. L. 344, which forbids a married woman from becoming "accommodation endorser, maker, guarantor, or surety for another," applies only to the technical contract of endorsement, guaranty or suretyship included in the words of the act:' Herr v. Reinoehl, 209 Pa. 483.

"We see no reason to modify the rule as there stated. Of course courts should look at the substance of the transaction, but there is not even a suspicion here that Mr. Yeany or the Marienville Gold Standard National Bank was endeavoring to evade the provisions of the statute. And the transaction must be judged as of the date of the loan: Manor National Bank v. Lowrey, 242 Pa. 559, 563.

"The note is presumed valid and the burden of proof is on the defendant to show that Mrs. Shannon was a surety and not the principal debtor: Farmers' & Merchants' Bank v. Donnelly, 247 Pa. 518."

In the case of Humphreys v. Logan, 242 Pa. 427, judgment was entered upon a note against husband and wife. The wife petitioned to have the judgment opened. The petition was dismissed by the court below and its judgment was affirmed by the Supreme Court. The latter court said in its opinion (p. 428):

"On the hearing it was found that the money borrowed of the plaintiff was used by the husband and wife for the improvement of their real estate, the title to which they held by entireties. Upon a rehearing the court saw no sufficient reason to change this finding. The judgment note was executed after the Act of June 3, 1887, P. L. 332, and was presumably a valid obligation of the petitioner; Abell v. Chaffee, 154 Pa. 254. The burden of showing its invalidity was upon her."

In the case of Morris v. Duers and Duers, 90 Pa. Superior Ct. 285, judgment was entered upon a judgment note given by the defendants, husband and wife. The judgment was opened upon the petition of William Duers, and upon the trial the wife, Mrs. Duers, denied liability on the ground that there was no consideration for her signing the note and that she was merely surety for her husband. It appeared, however, that the proceeds of the note were used upon property owned by husband and wife together. Judgment was entered at the trial in favor of the plaintiff and on appeal was affirmed by the Superior Court, which said in its opinion (pp. 287, 288):

"Under these uncontradicted facts, the lower court was right in holding that the force of the judgment note was not overcome and in directing a verdict for the plaintiff. There was a consideration for the note, for the wife was as much interested in the matter as her husband. The benefits of the transaction were for her equally with the husband. True, it is, that the application was made by him and standing alone she was not bound by it, but when she availed herself of its provisions with knowledge of its purpose, she adopted it and became liable for the services performed by the plaintiff on her behalf and so acknowledged by her and the judgment note she signed was a binding obligation. In entering the obligation, she was not assuming, as surety or guarantor, the indebtedness of her husband, but was signing it as maker to conserve her own interest and to accomplish a purpose of her own. The fact that she was directly interested for her own purpose in the transaction is the determining factor. See Newhall v. Arnett, 279 Pa. 317."

The case of Kaufman v. Lehman, 94 Pa. Superior Ct. 306, involved facts quite similar to those in the case last cited and the judgment of the court is to the same effect.

We think the several cases last referred to in our opinion rule the instant case. There is no suggestion either in the petition to open the judgment or in the evidence that the defendant, Mrs. Green, and her husband did not know that they were both becoming parties to the lease in suit or that they were in any way deceived in becoming parties to it as such. The various statements of Mr. and Mrs. Green in their testimony that she received no consideration for it are, in effect, merely statements of a conclusion. When they became joint lessees of the property the same consideration moved to both, and it seems to us a very significant and persuasive fact that having taken the lease from the plaintiffs as tenants by the entirety they both joined in the execution of a lease to Atkinson and Hare, subletting to the latter part of the premises leased from Le Goullon by a lease taking effect from April 1, 1927, the date when the lease to them from Le Goullon became effective. It seems to us that this lease to Atkinson and Hare is an affirmative declaration by both defendants in the instant case that they were both tenants under the lease from Le Goullon. We find nothing in the evidence presented to us which overcomes the presumption of the law that the lease from Mr. and Mrs. Le Goullon to Mr. and Mrs. Green was a valid contract of the latter.

The petitioner has not met the burden which, under all the decisions above cited, was upon her to show that the contract upon which the judgment was entered was within the prohibited class. For these reasons we think the rule to open the judgment must be dismissed.

### Order.

Now, to wit, October 31, 1930, the rule to show cause why the above-entitled judgment should not be opened as to the defendant, Floe Green, or Mrs. H. M. Green, is hereby discharged, at the cost of the petitioner.

From William F. Schutte, Beaver Falls, Pa.