## Olney Bank and Trust Company *v.* Gettlin, Appellant, et al.

Argued January 22, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*A. L. Shapiro,* with him *Harry Shapiro,* for appellant.

*Heilner H. Gaul,* with him *William A. Schnader,* Attorney General, and *Shippen Lewis,* Special Deputy Attorney General, for appellee.

PER CURIAM, March 25, 1935:

Judgment was entered against Alexander and Sylvia Gettlin, husband and wife, on a note executed by both, and damages assessed at $2,551. The wife subsequently petitioned the court to have the judgment opened, averring she executed the obligation as surety for her husband. A rule to show cause was granted which the lower court, after hearing and argument thereon, discharged. The wife has appealed.

The facts as indicated by the testimony are as follows: Defendants are owners, as tenants by the entireties, of No. 5630 North Fifth Street, Philadelphia, at which location appellant's husband carries on a retail radio and electrical appliance business. Gettlin, desiring to make extensive alterations to the premises, applied to plaintiff for a loan of $4,000. The bank's officer informed him they considered the equity in the property did not warrant a loan in this amount, but agreed to advance $2,500 on a note executed by both husband and wife, the latter amount being finally agreed upon by both parties. Practically all of the proceeds of the obligation were used by

Gettlin to pay for repairs and alterations made to the premises, the balance being used to pay merchandise debts of the business. Appellant signed the note knowing the money was to be used to improve the property, title to which was in the names of herself and her husband. It is clear, consequently, that the court below committed no error in holding that appellant was not a surety for her husband and is equally liable with him.

The situation is admirably summarized in the lower court's opinion as follows: "In other words Mrs. Gettlin joined with her husband in borrowing money to improve her own property. She intended to spend it for this purpose and joined with her husband in signing the note, a proceeding entirely consistent with the joint title of the property. Both of them, she by signing the note after notice of its purpose and giving it to her husband for negotiation, and he, by express statement, leading the plaintiff to believe that this was the object of the loan. Finally it was in fact the object of the loan, and the greater part of the proceeds was devoted to the improvement of the property. It is unimportant that not all was so used because once the loan was properly made to both defendants, the wife could dispose of it as she wished. It would not affect the plaintiff's rights if she spent it all for any purpose she chose. Nor do we see that it affects the rights of the parties that Mr. Gettlin alone signed the contract for the work. The wife's property got the benefit of it."

Upon appeal from refusal to open a judgment, "the question for our decision is whether, in view of all the evidence, the action of the court below constituted an abuse of discretion": Rambo B. & L. Assn. v. Dragone, 311 Pa. 422, 425. No such abuse of discretion is disclosed in this case.

The order is affirmed at appellant's costs.