## Franks *v.* Alfiere, Appellant.

Argued April 24, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*W. T. Tredway,* for appellant.

*S. L. Fuss,* of *Duff, Scott & Smith,* with him *W. S. Rahauser,* for appellee.

PER CURIAM, July 18, 1935:

Judgment was entered by confession in favor of Thomas Franks against Marcello Alfiere and Clementina Alfiere, in the Court of Common Pleas of Allegheny County, on a warrant of attorney contained in a judgment note for $954, signed by said defendants, dated April 4, 1932, payable on demand.

Clementina Alfiere presented her petition to the court asking that the judgment be opened, as to her, on the ground that she was a married woman and had signed the note as accommodation maker, or guarantor, or surety, for her husband, the other defendant. A rule to show cause was granted. The plaintiff in the judgment filed his answer, and testimony was taken on behalf of both parties. The court discharged the rule. Clementina Alfiere, now Clementina Desimone, has appealed. The order of the court below was right.

The testimony established, beyond question,—in fact, it was admitted,—that the judgment note in suit was a renewal (including one year's interest, $54) of a prior judgment note for $900, which had been signed by the defendants, then husband and wife, and delivered by them as part consideration for certain real estate which had been conveyed by the plaintiff to them as tenants by entireties. It made no difference that the rest of the

purchase money, over and above a mortgage which remained on the premises, was furnished by the husband alone. The execution and delivery of the deed to the defendants, as tenants by entireties, was a valuable consideration for the signing and delivery by them of a judgment note for part of the purchase money of the real estate. Appellant was in no sense an accommodation maker, guarantor or surety for her husband, as those terms are used in the Act of June 8, 1893, P. L. 344. See Olney Bank & Trust Co. v. Gettlin, 318 Pa. 76, 177 A. 794; Morris v. Duers & Duers, 90 Pa. Superior Ct. 285, 287; Kaufman v. Lehman, 94 Pa. Superior Ct. 306.

The order is affirmed.