## Security Trust Company of Pottstown v. Feist et al.

*Larzelere & Wright,* for plaintiff.

*William A. Gray* and *Edred J. Pennell,* for defendants.

DANNEHOWER, J., April 30, 1935.—On April 2, 1934, one of the defendants, Loretta S. Feist, wife of Jacob G. Feist, filed her petition, whereupon a rule was granted upon the plaintiff to show cause why a judgment entered in default of an affidavit of defense upon a sci. fa. sur mortgage should not be stricken off or opened. The plaintiff filed an answer. No depositions were taken. The court heard oral argument upon the petition and answer.

The petition avers that a præcipe for sci. fa. sur mortgage and plaintiff's statement of claim were filed on February 13, 1934, and petitioner was served on February 28, 1934, with a copy of the sci. fa. sur mortgage and a copy of the plaintiff's statement; that the copy of the statement of claim served upon the petitioner was not verified and was not endorsed with a notice similar to that required by section 10 of the Practice Act of 1915, as required by rule 29, section 1, of the rules of this court; that on March 13, 1934, petitioner ruled plaintiff's attorneys to file their warrant of attorney, which rule was made re-

turnable on March 23, 1934, courtroom "A" at 10 a.m., all proceedings meanwhile to stay; that on March 23, 1934, defendant's attorney was notified that the warrant had been filed in courtroom "C", but although he made search for the same daily in the prothonotary's office, he did not see the warrant of attorney nor the entry of the same upon the continuance docket until March 27, 1934. On March 28, 1934, plaintiff, without notice to defendant or her attorney, filed a præcipe for judgment, and judgment was entered. The petitioner further avers that she has a full, just and complete defense which is set forth in detail in a proposed affidavit of defense annexed to said petition.

The answer avers "that the statement of claim filed with the præcipe was duly verified, as were the copies thereof, and was duly endorsed with notice to file an affidavit of defense, although it is averred that this endorsement was not necessary under the statutory proceedings provided for the issuing of a writ of sci. fa. sur mortgage according to law, and that after due service upon petitioner, an appearance was entered by her attorney on March 8, 1934, and 5 days later, on March 13, 1934, said attorney filed a rule upon plaintiff to file its warrant of attorney, returnable March 23, 1934, all proceedings meanwhile to stay. The warrant of attorney was duly filed on March 23, 1934, and on March 28, 1934, judgment was entered in default of an affidavit of defense; defendant's counsel was notified on March 23, 1934, that the warrant of attorney was duly filed in courtroom "C", then the main courtroom, and no request was ever made by defendant's attorney for a copy thereof." Plaintiff's answer further specifically sets forth numerous reasons why the proposed affidavit of defense does not set forth a sufficient and meritorious defense, which would induce a court to open the judgment.

The petition clearly avers that the copy of the statement of claim served upon petitioner was not verified or endorsed with notice to the defendant that she was re-

quired to file an affidavit of defense within fifteen days from the service thereof, as required by our rules of court 29, sections 1 and 5.

The answer avers that the statement of claim was duly verified, as were the copies thereof, and the statement of claim was duly endorsed with notice to file an affidavit of defense. The answer does not deny that the copy of the statement served upon petitioner was not duly endorsed. Therefore, plaintiff admits that the copy of the statement served upon the petitioner was not duly endorsed with notice to file an affidavit of defense. Our rule of court no. 24, section 3, provides:

"All averments in petitions and affidavits on which rules or citations have been granted shall be taken as admitted for the purposes of the rule or citation, unless the opposite party shall deny the same in an answer under oath, to be filed in the cause or aver that he has no knowledge, information or belief on the subject and requires proof of the same."

As the answer does not specifically deny that the statement of claim served upon the petitioner was not duly endorsed with notice to file an affidavit of defense, nor aver that the plaintiff has no knowledge, information or belief on the subject and requires proof of the same, that averment must be taken as admitted for the purposes of this rule. It follows by the pleadings, plaintiff admits that the copy of the statement of claim served upon petitioner was not endorsed with notice to file an affidavit of defense.

The question for decision is whether a copy of the statement of claim in a sci. fa. sur mortgage served upon the defendant should contain an endorsement of notice to the defendant to file an affidavit of defense within fifteen days from the service thereof, in order to enter a default judgment for want of an affidavit of defense.

The rules of court of this county provide as follows:

"Rule 29—Scire Facias

"1. In actions of scire facias on mortgages, domestic judgments, recognizances, transcripts from the Orphans'

Court, and the like, the plaintiff shall file a statement of claim duly verified, containing the material facts constituting the basis of his claim, and stating the amount he verily believes to be due from the defendant. He shall include therein a particular reference to the record upon which the suit is brought and the reference shall be sufficient in lieu of a copy of the record. *The statement of claim shall be endorsed with a notice similar to that required by Section 10 of the Practice Act of 1915, shall conform with the requirements thereof, so far as adaptable, and shall be served upon the defendant or his attorney.*

"2. If the statement is filed with the præcipe and a copy thereof is served on the defendant, he shall file his affidavit of defense within fifteen days after the date of service. If the statement is not filed with the præcipe, the plaintiff, after filing the same, may serve a copy thereof on the defendant, in accordance with the requirements of Rule 25, section 5, as to the service of notices, and the defendant shall file his affidavit of defense within 15 days after such service, provided, that no affidavit of defense shall be required to be filed before the return day of the writ. . . .

"5. If the plaintiff files and serves his statement as required by sections 1 and 2 of this rule, he may have judgment against the defendant for want of an affidavit of defense or for any amount admitted or not denied to be due, *at any time after the return day and fifteen days notice to file an affidavit of defense.*" (Italics ours.)

The Practice Act of May 14, 1915, P. L. 483, regulates actions of assumpsit and trespass, except libel and slander, and section 10 requires the statement of claim to be endorsed with notice to the defendant to file an affidavit of defense within fifteen days from the service thereof. Failure to endorse such notice on a statement is a defect for which the court will strike off the statement on motion, as this provision of the act is mandatory: Zullinger v. Grebe, 26 Dist. R. 483; Gilmer Brothers v. Walker, 29 Dist. R. 510; Dick v. Forshey, 71 Pa. Su-

perior Ct. 439. It is also essential that a copy of the statement served upon defendant should contain this endorsement, to place the defendant in default in case of his failure to present his defense.

While the Act of 1705, 1 Sm. L. 57, relating to foreclosure by writ of sci. fa. does not contain any such provision, is not an action in assumpsit or trespass and is not governed by the Practice Act of 1915, nevertheless, our·rules of court require in sci. fa. proceedings that the statement "shall be endorsed with a notice similar to that required by Section 10 of the Practice Act of 1915, shall conform with the requirements thereof so far as adaptable. . . ."

It is admitted that the original statement of claim filed complied with this mandatory provision by containing an endorsement of notice to file an affidavit of defense, but the pleadings admit that the copy of the statement of claim served upon the petitioner did not contain such an endorsement. Rule of court 29, section 5, provides that "if the plaintiff files and serves his statement as required by sections 1 and 2 of this rule, he may have judgment against the defendant for want of an affidavit of defense at any time after the return day *and fifteen days notice to file an affidavit of defense.*"

This section prescribes a condition precedent before the plaintiff may take a default judgment and that is, after the return day and 15 days notice to file an affidavit of defense. It therefore clearly appears from the wording of this section that the giving of a 15-day notice to the defendant to file an affidavit of defense is necessary before judgment by default may be entered. In other words, the copy of the statement served upon defendant must contain this endorsement, in order that judgment by default may be entered.

The plaintiff cannot derive any help from the sheriff's return of service. The sheriff's return is as follows: "Made known to Loretta S. Feist, a mortgagor and real owner, by leaving, February 28, 1934, a true and attested copy of the within writ together with a copy of state-

ment of plaintiff's claim filed in cause &c". With reference to the writ, the sheriff returns that he served a true and attested copy; but with reference to the statement of claim, the sheriff returns that he simply served a copy, and fails to state that it was a true and attested copy or had endorsed thereon a notice to file an affidavit of defense. "While it is still the law that the sheriff's return is conclusive on the parties and cannot be contradicted, yet modern practice is liberal in allowing inquiry into the actual facts where the return itself is not full or explicit": Park Brothers & Company, Limited, v. Oil City Boiler Works, 204 Pa. 453. In Hanna's Civil Practice Forms, 38, a sheriff's return shows "with copy of plaintiff's statement . . . with notice endorsed thereon to file affidavit of defense" as the approved form.

The validity and regularity of a judgment, especially one by default, depend upon the existence and sufficiency of the process or notice upon which it is based. It is good ground for vacating a judgment if the process or service was fatally irregular or defective. Irregularity in the proceedings leading to the entry of a judgment, as distinguished from mere error, is ground for vacating or striking off the judgment, provided the irregularity renders the judgment void, or is prejudicial or dangerous to the substantial rights and interest of the party affected. Where the court, as in the instant case, has adopted valid rules requiring an endorsement on the copy of the statement in sci. fa. sur mortgage served on the defendant, proceedings should be conducted in conformity with such rules, and a judgment entered in default for want of an affidavit of defense, in violation of such valid rules, should be set aside upon motion of the party injuriously affected thereby.

The petition prays for a rule in the alternative why the judgment should not be stricken off or opened. "It seems that a petition may be made in the alternative, 'to open or to strike off' a judgment": Patton's Pennsylvania Practice 552. "It is firmly settled that such an application [to

strike off a judgment] can be sustained only on the ground of irregularity or invalidity appearing on the face of the record: Johnson v. Insurance Co., 218 Pa. 423; Sweigart v. Conrad, 12 Pa. Superior Ct. 108. Where the facts showing the irregularity or invalidity of the judgment are put upon the record by the petition to strike off, and are admitted or not denied on the other side, the jurisdiction may be exercised: Miller v. Neidzielska, 176 Pa. 409; Stevenson v. Virtue, 13 Pa. Superior Ct. 103": Kunkel v. Schroeder, 19 Dist. R. 789. The pleadings admit that the copy of the statement served upon defendant did not contain the prescribed endorsement. This irregularity becomes part of the record.

We realize that petitioner's reasons for striking off the judgment are technical; but after giving this case careful consideration, we are forced to the conclusion, according to the wording of our rules of court, that the endorsement on the copy of the statement served upon defendant was necessary. Without it, the default judgment was irregularly entered and should be stricken off. This being our view, we deem it unnecessary to consider the rule to open the judgment.

And now, April 30, 1935, for the foregoing reasons, the rule to show cause why the judgment should not be stricken off is hereby made absolute, without prejudice to the plaintiff to proceed with the present proceedings, or to discontinue the same and proceed with another action of sci. fa. upon the aforesaid mortgage.

From Aaron S. Swartz, Jr., Norristown.